Wash, J,,
delivered the opinion of the Court.
This was an action of debt, brought by the plaintiffs in error, against the defend-ant in error, on a promissory note, executed to them, as executors. The declaration charges, that the note sued on, was made and delivered to the plaintiffs,, “as executors,” whereby the defendant became liable to pay to them, “ as executors,” &c.; to which the defendant demurred generally, and had judgment ; to reverse which, this writ of error is prosecuted. For the defendant, it is insisted, that the note given to William H. Ashley and William Rector, “ as executors” of Elias Rector, as above described;, is a debt due to them individually;- that the words, “as executors,” are, throughout, merely a iescriptio personurum,; and that, as executors, the plaintiffs had no right to sue. The only authority cited, is the case of Hazier et al v. Lord Arundel, (3 Bos. and Pull, p. 7,) which is relied on as decisive. That cause, however, was decided on very different grounds from that on which the defendant relies in this. The declaration, in that cause, contained two counts. In the first, the plaintiffs declared on a bond, executed to their testator, &c. In the-second, they declare on a bond executed to-them, “as executors, as aforesaid.”' Oyer was craved of the bond, when it appeared that the bond declared on in the second count, was made payable to the plaintiffe, executors of B. H., to be paid to-the plaintiffs, “or their certain attorney, executors, administrators, or assigns.”' Lori Jilvanley, chief justice, in delivering the opinion; distinctly admits, that two causes of action, one to the executor, strictly as-executor, and the other on a promise made to him after his testator’s death,, may be joined but remarking upon the-phraseology of the second bond, as above described, showed that the debt was due-to the plaintiffs, not as executors, but in their own. right and upon that ground, the plaintiffs failed in their action: The authority referred toby Chambre,justice,-in delivering his opinion, (of Bettes v. Mitchel, 10 Wood, 315) from the statement of it given by him, is in point; the authority, however, has not been- furnished t'o us,- and would not deserve any high consideration, if it should be found’ as slated. For the plaintiffs in error, it is insisted-: First, that upon the face of the declaration, the-money sued for, if recovered, would be assets in their hands; for which they have properly declared, in their representative-character. Second, that if the contract, as set out in the declaration, is to be construed as a contract with, the plaintiffs, in their own right, the description of them in the declaration being the same as that given in the note, will have-the same construction, and will be considered as a mere iescriptio personurum; -and it is the opinion of the Court, that the law is with the-plaintiffs on both points. The case in 6 East, 410, of Cowel and wife v. Watts,, shows, that the words employed in the note and declaration, “ as executors,?’ &c., *406 should be taken as descriptive of the representative character in which the plaintiffs have acted, in contracting and sueing. In all the cases cited, where promises to the testator are joined with promises to the executor or administrator as such, the representative character is shown by just such words as are here employed. Nor can this Court understand in what other sensible way the provisions of our statute, authorizing and requiring executors and administrators to sell and dispose of the property of the deceased, and take bonds and notes from the purchasers, which they may assign, &c., can be carried into effect. Upon the second point, this Court can see no reason, nor has any been suggested, why the plaintiffs should not have recovered in their own right, if the words “as executors,” in the note, (correctly set out in the declaration,) are to be taken as a mere descriptio personarum.
Let the judgment of the Circuit Court be reversed, and judgment be entered up in this Court, for the debt in the plaintiffs’ declaration mentioned, with interest and cost.