HOLMAN, *Administrator*, *Plaintiff in Error*, **v.**
NANCE *et al.*

1.  **Administrator.**  An obligation entered into with one as adminis-
    trator of an estate in relation to its affairs can be enforced by the
    administrator in his representative capacity.

2.  **Partnership Estate, Administration of.**  The failure of the
    surviving partners of a deceased one to give bond and qualify under
    the statute as administrators of the partnership assets only subjects
    them to the contingency of being deprived of such assets by the
    administrator of the individual estate of the deceased partner com-
    ing forward and giving additional bond, with the view of taking
    them in charge.  If the individual administrator fails to qualify as
    administrator of the partnership estate, the assets must necessarily
    remain in the hands of the surviving partners, who, as such, are
    proprietors for the use of the partnership, and have the common
    law authority to devote them to the payment of the firm debts.

3.  ———— : ————.  Where the surviving partners of the deceased one
    settle up the partnership affairs, and acknowledge that the indi-
    vidual share of the deceased therein, after the payment of the firm
    debts, is a certain sum, the administrator of the individual estate
    can maintain his action for the same.

*Error to Cooper Circuit Court.*—HON. E. L. EDWARDS,
Judge.

REVERSED.

*Cosgrove, Johnston & Pigott* for plaintiff in error.

(1)  The plaintiff, as the administrator of Frank S.
Bradley, had the right to dispose of the interest of the
deceased in the partnership.  2 Williams on Executors,
p. 1006.  (2)  An executor or administrator can settle or
compound a debt due the estate, and without any order
or direction from the probate court to do so.  3 Williams
on Executors, top page 1900; 13 New Hampshire, 18 and
20 ; *Chadbourn v. Chadbourn*, 9 Allen 173 ; *Coffin v.
Cattle*, 4 Pick. 454 ; *Bean v. Farrum*, 6 Pick. 269 ; *Bacon*

*v. Crandon*, 15 Pick. 79.   (3) The plaintiff does not seek to recover a part of the partnership assets, but an amount due from the surviving partners upon a settlement and account stated by them with plaintiff.

*Draffen & Williams* and *John R. Walker* for defendants in error.

(1) The statute has pointed out the method of settling partnership estates upon the death of one of the partners.   The petition sets up an agreement made out of court within thirty days after Bradley's death, and does not state a cause of action.   *Ensworth v. Curd*, 68 Mo. 282;  *Titterington v. Hooker*, 58 Mo. 593.   (2) The individual administrator, as such, has no control over the partnership funds, or any part thereof.  If, upon failure of the survivor to give the required bond, such administrator also takes charge of the partnership estate, he acts in two separate capacities.  Unless he gives the bond and administers upon the partnership estate, he has no control over any of the partnership effects whatever. *Orrick v. Vahey*, 49 Mo. 428 ;  *Weil v. Jones*, 70 Mo. 560 ; *Burton v. Rutherford*, 49 Mo. 255 ;  *Bredow v. Mutual Savings Institution*, 28 Mo. 181.   The plaintiff in this case, seeks to recover a portion of the partnership assets. The only title he shows in his petition is his letters of administration upon Bradley's estate.   (3) It is not stated in the petition that all the partnership debts were paid, nor in what the assets consisted, nor in whose hands they were.   (4) The first point relied upon by the plaintiff in error for a reversal, and the authorities cited in support of the same, are inapplicable to this case. (5) The second point made in plaintiff's brief has no bearing upon the questions arising upon this record.  The defendants did not owe the plaintiff's intestate any debt, and no such debt was compounded and settled by the plaintiff.   The right of an administrator to compound a debt due to the deceased is not involved in this suit.  No such case is made in the pleadings.

MARTIN, C.—This is an action by the administrator of the individual estate of a deceased partner, to recover from the surviving partners, an amount ascertained to be due the intestate, upon a settlement of the partnership estate. It is alleged in the petition that Frank S. Bradley, the intestate, was in his lifetime a member of the firm of Nance, Combs & Company, which was composed of the defendants, and said Bradley, and that the said partners, under said name and style, were engaged in the business of buying and feeding hogs and cattle for market. It is further alleged that after his qualification as administrator of Bradley, the plaintiff had a settlement with the defendants, as surviving partners of the firm of Nance, Combs & Company, of the partnership affairs of said firm, by which settlement it was ascertained that the interest of said Bradley in said partnership amounted to the sum of eighteen hundred dollars, of which said sum the said defendants, then and there, paid to plaintiff as administrator as aforesaid, the sum of three hundred and fifty dollars. It is next alleged that the sum of $1,450 was paid by them to one Walker, who was an individual creditor of said Bradley to that amount, evidenced by note of said Bradley, when it should have been paid to plaintiff as administrator of the individual estate. Judgment for said $1,450 is prayed.

To this petition a demurrer was interposed, assigning as grounds therefor, that the facts stated failed to show any liability to plaintiff on the part of defendants; that the administrator of the individual estate of Bradley had no right to the assets of the firm, and no control over the deceased partner's interest therein, and could make no valid and binding settlement of the partnership estate without administering upon the same in the manner pointed out in the statute; that the partnership estate could only be settled and the interest of the deceased therein ascertained by the method directed in the statute as to partnership estates and the settlement thereof; and that the settlement mentioned in the petition is not alleged to have been made under direction of the probate

court, or in such manner as to bind the estate of Frank S. Bradley, deceased. The demurrer was sustained, and final judgment rendered for defendant, from which the plaintiff prosecutes this writ of error.

I.  We are of the opinion that the court erred in sustaining the demurrer. The defendants admit by this demurrer that a settlement of the partnership affairs had taken place between themselves as surviving partners, and the plaintiff as the representative of this deceased partner; that the individual interest of said partner had been ascertained to amount to $1,800, of which they had paid over to the plaintiff $350 in money; that the balance of $1,450 now sued for, was found to be due said partner, but that they had paid it over to another person. The obvious meaning of the language in the petition is to the effect that $1,800 in money was coming to this deceased partner after settlement of all the partnership transactions. It could not be payable to him or his representative, except as the balance due him after satisfaction of all partnership demands. The petition alleges in substance that the $1,450 in money is due from them to plaintiff in his representative capacity. On the facts as alleged, the defendants are regarded in law as holding so much money belonging to plaintiff in his representative capacity, and it raises the implied promise to pay it over when demanded. I am not aware of any law which will relieve the defendants from the obligation of this acknowledgment and promise knowingly and intentionally made to the plaintiff in his capacity as administrator. It was held at an early day that a promissory note made to a person as executor could be enforced by him in his official capacity. *Rector v. Langham*, 1 Mo. 568. Similar obligations are frequently entered into with administrators in relation to the affairs of the estates in their charge, as, for instance, in relation to administration sales; and I have never learned of any exception to their enforcement like other obligations, according to their import and effect.

II.  The fact that our statutes imposed upon the

plaintiff, as administrator of the individual estate, the duty of giving additional bond before taking charge of the partnership estate, is not in the way of his present suit. He is not assuming to take charge of partnership assets, nor to administer the partnership estate. He is suing for money which belongs to the individual estate of his intestate, according to the admissions of the defendants. The failure of the defendants as surviving partners to give bond and qualify under the statute as administrators of the partnership assets, only subjected them to the contingency of being deprived of such assets by the administrator of the individual estate of the deceased partner coming forward and giving additional bond, with the view of taking them in charge. If the administrator of the individual estate fails to qualify as administrator of the partnership estate, the assets must necessarily remain in the hands of the surviving partners. As such, they are proprietors for the uses of the partnership, and have the common law authority to devote them to a payment of the partnership debts. The provisions of the statutes were not intended to withhold from them this common law right, unless the administrator of the deceased partner qualified himself to take charge of the partnership assets. The prevailing law on this subject is expounded in the recent case of *Easton v. Courtwright,* *ante,* p. 27, by Philips, Commissioner.

Under the circumstances inferred from the petition, the defendants had the right, as surviving partners, to go on and settle up the affairs of the partnership. It seems they did this, and acknowledged that the plaintiff's intestate had $1,800 in money as his individual share after settlement of the partnership debts. The administrator of the individual estate to whom it belongs, agrees that this is the true amount, and it does not become the defendants to repudiate their settlement and deny his right to receive it. If the partnership has not been faithfully settled, and this is not the true amount, the plaintiff may be answerable for the deficit.

Judgment reversed and cause remanded. All concur.