OATES, *Appellant*, v. THE UNION PACIFIC RAILWAY COMPANY.

#### DIVISION ONE.

1. **Negligence:** DEATH: EXTRA TERRITORIAL FORCE OF STATUTE. A resident of Missouri was killed in Kansas by the negligent acts of a railroad company, in whose service he was engaged, under such circumstances as would have entitled his widow to recover under the second section of our damage act, if the accident had occurred in Missouri. The Kansas statute provides that "when the death of one is caused by the wrongful act or omission of another the personal representatives of the former may maintain an action therefor. * * * The damages cannot exceed $10,000 and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." *Held* that the widow could not recover in an action in Missouri though no administrator could be appointed in Kansas, because the deceased left no estate there, and though the action could be brought in either state by an administrator appointed in Missouri.

2. **Parties:** CAUSE OF ACTION: STATUTE. Where a statute gives the cause of action and designates the persons who may sue, they alone can sue and must do so within the time prescribed by the statute.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Sherry & Hughes* for appellant.

The court erred in sustaining defendant's demurrer to plaintiff's petition, and the appellant cites the following authorities, to-wit: *Dennick v. Railroad*, 103 U. S. 11; *Knight v. Railroad*, 26 Am. & Eng. R. R. Cases, 485; *Leonard v. Nav. Co.*, 84 N. Y. 48; *Boyce v. Railroad*, 18 N. W. Rep. (Iowa) 673; *Morris v. Railroad*, 23 N. W. Rep. (Iowa) 143; *Railroad v.*

Oates v. The Union Pac. Ry. Co.

*Lewis*, 40 N. W. Rep. ( Neb.) 401 ; *Stoeckman v. Railroad*, 15 Mo. App. 503 ; Cooley on Torts [ 2 Ed.] 266 ; *Debevoise v. Railroad*, 98 N. Y. 379 ; *Railroad v. Doyle*, 60 Miss. 977 ; *Burns v. Railroad*, 113 Ind. 169 ; *Herrick v. Railroad*, 31 Minn. 11 ; *Scott v. Lord Seymour*, 1 Hurl & C. 219 ; *Bruce v. Railroad*, 83 Ky. 174.

*John W. Beebe* for respondent.

( 1 ) The court did not err in sustaining the demurrer. *First.* The petition on its face shows that the plaintiff had no cause of action, and especially so, as the only person having a cause of action at the time this suit was instituted was the personal representative, *i. e.*, executor or administrator, of the deceased, and this is disclosed by the petition itself. 3 Wood, Railroad Law, sec. 413 ; *City of Atchison v. Twine*, 9 Kan. 350 ; *Limkiller v. Railroad*, 33 Kan. 83 ; *Barker v. Railroad*, 91 Mo. 86 ; *Vawter v. Railroad*, 84 Mo. 679 ; Shearman & Redfield on Negligence [ 4 Ed.] sec. 133. *Second.* The cause of action having arisen under the laws of Kansas could not, under any circumstances, be enforced in this state, as the statutes of Kansas and Missouri on the subject are essentially different. *McCarthy v. Railroad*, 18 Kan. 46 ; *Railroad v. Lacy*, 43 Ga. 461 ; *Willis v. Railroad*, 61 Tex. 432 ; *Ash v. Railroad*, 19 Atl. Rep. 643 ; *Davis v. Railroad*, 143 Mass. 301 ; *Vawter v. Railroad*, 84 Mo. 679 ; Rorer on Inter-State Law, secs. 158–163.

BLACK, J.—The petition discloses these facts : The defendant, the Union Pacific Railway Company, owns and operates a railroad in the state of Kansas, which extends into this state. The defendant's servants carelessly and negligently ran a train of cars upon J. M. Oates at a point in the state of Kansas, inflicting injuries upon him from which he died the next day, namely, June 9, 1885. Oates was not in the employ of the defendant at the time he was injured, but he was in the

employ of another railroad company. At and prior to his death he resided in this state, and he left surviving a widow and three minor children. Plaintiff, who is the widow of deceased, brought this suit in the courts of this state for the death of her husband, laying her damages at the sum of $10,000, and founding her cause of action upon the statute laws of the state of Kansas, which are set out in the petition.

The circuit court sustained a demurrer to the petition, and the sole question before us is, whether the plaintiff can maintain this suit in the courts of this state.

As the plaintiff founds her cause of action upon the statute law of the state of Kansas, and she is also forced to rely somewhat upon the statute laws of this state, we shall first set out, in words or substance, the statute laws of the two states.

The statute of the state of Kansas, set out in the petition, is in these words: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter if the former might have maintained an action, had he lived, against the latter for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." It is conceded that the words, "personal representatives," mean the executor or administrator, and that under the rulings of the supreme court of Kansas the suit cannot be maintained by the widow and children, or by either, but must be brought by the executor or administrator, he to make distribution to the widow and children, or next of kin.

Had Oates received the injuries causing his death in this state, then, under the circumstances set out in the petition, the cause of action would come under the

second section of our damage act, which fixes the amount of the forfeiture or damage at the sum of $5,000 to " be sued for and recovered, *first*, by the husband or wife of deceased ; or, *second*, if there be no husband or wife, or he or she fails to sue within six months after such death, by the minor child or children of the deceased ; or, *third*, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment ; or, if either of them be dead, then by the survivor."

We have pressed upon our attention in this case, as we did in the case of *Vawter v. Railroad*, 84 Mo. 679, a class of cases to the general effect that a right of action created by the statute of one state may be prosecuted in another state, where the two states have statutes relating to the same subject which are alike or similar in substance and effect. We were of the opinion that these cases then cited did not rule that case, and we are of the opinion they have little or no application to the case in hand. In that case the plaintiff was the administrator of the estate of the person who died from injuries received in the state of Kansas. The plaintiff received her appointment as administratrix in this state, and then commenced suit in this state, founding her cause of action upon the before-quoted statute of the state of Kansas. Having been appointed administratrix in this state, she, of course, possessed the powers and the powers only conferred upon her by the laws of this state. The laws of this state gave her no authority to prosecute such a suit. They not only gave her no such authority, but they denied an executor or administrator the right to prosecute an action on the case for injuries to the person of the testator or intestate. R. S. 1879, secs. 96, 97. We, therefore, held that the administratrix could not maintain the action, and from that ruling we make no departure. The conclusion reached in that case has the support, not only of the cases there cited, but also of the court of appeals of Maryland, in

*Ash v. Railroad*, 19 Atl. Rep. 643. The *Vawter case* is, of course, not decisive of this one; for here the suit is brought by the widow, not by an administrator having no power to prosecute such a suit.

As we have said, the plaintiff founds her cause of action upon the statute of the state of Kansas. According to that statute, the cause of action accrued to the executor or administrator of the deceased person. It is true the damages, not to exceed $10,000, inure to the benefit of the widow and children, or next of kin, to be distributed in the same manner as personal property of the deceased is distributed in that state. But the executor or administrator is the only person who can sue for and recover the damages. The plaintiff in this case could not maintain the suit in that state. Though the cause of action is based upon a statute of that state, and though the present plaintiff could not prosecute the suit in that state, yet we are asked to say she may prosecute it in this state. This we cannot do. Says Mr. Wood : It is needles: to say that actions under these statutes must be brought by the persons designated therein, and within the time and in the manner therein provided. If the statute provides that the action shall be brought by the executor or administrator of the deceased, *no other person can maintain an action.*" 3 Wood's Railway Law, sec. 413. The statute gives the cause of action and points out the persons who may sue, and they, and they alone, can sue, and they must sue within the time prescribed by the statute. *Barker v. Railroad*, 91 Mo. 86. The fact that by the statute of this state the widow, under the circumstances detailed in the petition, could sue for and recover the fixed sum of $5,000, does not aid the plaintiff, for our statute has no extra territorial operation. As the plaintiff could not prosecute this suit in that state, she cannot prosecute it in this state. This we think too clear to admit of any doubt. If, by the laws of that state she could prosecute the suit, then

a different question would be presented for our consideration.

On behalf of the plaintiff, it was argued at the bar of this court, that an administrator appointed in this state cannot prosecute this suit in the courts of Kansas, and so it has been held in *Limekiller v. Railroad,* 33 Kansas, 83; that no administration can be granted upon the estate of the deceased in the state of Kansas, because he had no property in that state; that plaintiff cannot maintain this suit in that state; and that she is, therefore, without remedy, unless she is allowed to prosecute the present action in her own name in this state. The answer to all this is, that any omission in the statute laws of the two states must be supplied by the legislatures thereof. While it is suggested there has been some such legislation of late, it is not claimed that it can or does affect this suit. The judgment is, therefore, affirmed. All concur.