MARY E. HUSTED, Administratrix, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. PERSONAL INJURY: Evidence. Deceased was engaged in the service of a railway company in unloading coal from cars into bins. The place was at the top of the incline about fifteen feet higher than the bottom, 150 feet away. Three cars loaded with coal were coupled together and were on the level track at the bins. The first one was unloaded by deceased and while he remained in it, it was pushed forward to the brink of the incline and on account of defective coupling it became detached from the other cars and ran down the incline colliding with standing cars at the bottom and killing deceased, by throwing him from the car. The evidence tended to show that the brake on the car was out of order. *Held*: that a case was made against the railway company; and that in the circumstances it could not be said, as a matter of law, that deceased was guilty of contributory negligence.

Husted v. Railroad.

2. **ACTION ON FOREIGN STATUTE.** An action given by a statute of a foreign State for negligence of a railway company in injuring or killing an employee, is transitory, and may be brought in another State.

3. **FOREIGN STATUTE: Action.** Though the foreign statute creating the cause of action prescribes that the action shall be brought in some county in that State where the defendant has a principal office; or in a county through which the railroad may run where the plaintiff resides; or in a county where. the injury occurred; that does not destroy the transitory nature of the action, nor prevent its being brought in another state, since that statute merely concerns the procedure to be followed if the action is brought in the State creating it.

4. ————: ————: **Notice of Action.** Where the statute of the State creating the cause of action prescribes that a notice shall be given within a certain time as a prerequisite to the right to the action, such notice must be given as a basis for the action in a foreign State.

5. ————: ————: ————: **Notice of Action: Service.** Where the foreign statute prescribes a mode of service of, the notice of the action to be upon some agent in the county where the suit is brought in such State, that mode of service need not be followed as a prerequisite to bringing the action in another State, and if the notice is served in such way as would be binding on defendant under the law of the State where the action is brought, it is sufficient. The foreign statute as to service of notice being a matter of procedure in that State, need not be considered in determining the sufficiency of the notice in the State where suit is brought.

6. **NOTICE: Petition.** In such case where. plaintiff instituted his action given by the foreign statute in a court of this State by filing a petition setting forth the negligence complained of and the time, place and manner of its occurrence, and summons was duly served on the railway company within the time limited by the foreign statute for bringing the action, and defendant appeared thereto, when plaintiff dismissed the case and begun another action. *Held,* that the petition was a sufficient notice as a basis for the action.

7. ————: ————: **Excessive Verdict.** Where the deceased was a bachelor and left only grown brothers and sisters, and was under no obligation to support them; and the law only allowing them to recover for their pecuniary loss, *held,* that $5000 was an excessive sum for his death.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED CONDITIONALLY.

*Elijah Robinson* and *Harris Robinson* for appellant.

(1) To entitle plaintiff to recover there must have been substantial evidence 'tending to establish negligence on the part of the defendant. Powell v. Railway, 76 Mo. 80; Commissioner v. Clark, 94 U. S. 284; Bank v. Bank, 10 Wall. 639; Jackson v. Hardin, 83 Mo. 175; Avery v. Fitzgerald, 94 Mo. 207; Long v. Moon, 107 Mo. 338; Moore v. Railway, 28 Mo. App. 622; Peck v. Railway, 31 Mo. App. 123; Zurfluh v. Railway, 46 Mo. App. 636; Peffer v. Railway, 98 Mo. App. 291; Railway v. Shirtle, 97 Pa. St. 450. (2) There must have also been substantial evidence tending to prove that defendant's negligence (if any) was the direct and proximate cause of the accident. Killian v. Railway, 86 Mo. App. 473; Saxton v. Railway, 98 Mo. App. 494; Richmond v. Railway, 133 Mo. App. 463; Haley v. Transit Co., 179 Mo. 30; Harper v. Bridge Co., 187 Mo. 575; Deschner v. Railway, 200 Mo. 310.

*Guthrie, Gamble & Street, Boyle & Howell* and *A. F. Smith* for respondent.

ELLISON, J.—Plaintiff and five others are the surviving brothers and sisters of Thomas G. Husted, who was killed at about midnight while in the employment of the defendant. He left no other heirs. She was appointed administratrix of his estate and in that capacity began this action for damages accruing to the brothers and sisters on account of his death, which she charges was occasioned through the negligence of defendant.

143 App—40

It appears that deceased, in connection with others, was engaged in unloading coal from cars into bins in defendant's yards in the State of Kansas. The bins were situated on a level surface at the top of an incline. The difference in height at the top and bottom of the incline (which was a distance of one hundred and fifty feet) was something more than fifteen feet. Cars were unloaded, one at a time, at the bins. In the instance in controversy there were three cars. The first one was unloaded and the others were moved forward by "pinching," so as to throw the next one to the bin. Deceased was in the front car which he had been unloading, and when it was pushed forward so as to let the next car to the bin, it stood over the top of the incline; that is to say, the front part of the car was on the incline and the rear part was on the level. In order to make sure that cars thus pushed forward over the top of the incline would not run down, it was necessary that they be coupled to those yet back on the level. Though it was in the night, it was noticed that the front car, in which deceased was standing, was moving down the incline by reason of becoming uncoupled. It ran on down, gaining in speed, until it collided with some standing cars at the bottom, with such great force and violence as to throw deceased out and kill him.

The negligence charged in the petition is that the coupling devices on the car on which deceased was and the one next behind it were defective and out of repair, and that the brake on the former was so old, worn out and defective that it would not operate.

Bearing in mind the rule that when the verdict is for the plaintiff, all matters in issue which the evidence in his behalf tends to prove and every reasonable inference to be drawn therefrom, must be accepted as the facts of the case, we have no doubt that the evidence was sufficient to show that the coupling between the cars was so deficient and imperfect as to permit them to separate; and that the brake on the car upon which

deceased was standing was defective. The car next to
the one on which deceased was, had been marked as in
bad order and tagged for the "repair track." It had
what is known as an emergency knuckle in the cou-
pling, and it was to have a standard knuckle supplied.
The car was not taken to the repair track, but, instead,
was taken to the coal chute above described. On ac-
count of the position of the cars, one of them being half
over the top of the incline and the other back on the
level, and one having an emergency knuckle and the
other a standard knuckle, they parted.

So there was abundant evidence to show that the
brake was so defective as to be practically useless. It
was shown that deceased had attempted to set the brake
so as to stop the car, but that however much the brake
wheel might be turned, it would not have the effect to
tighten the brake shoe or clasp on the wheels of the
car.

It is however, contended that the deceased was
guilty of contributory negligence in not sitting down
on the floor of the car after he saw that it was separated
from the other cars and had started down the incline.
If he had quickly sat upon the floor it is fair to presume
he would not have lost his life by the collision. That
simple act is, in many instances, a safeguard against
injury. But can we say, as a matter of law, in the cir-
cumstances of this case, as disclosed by the record, that
deceased was negligent in not sitting down? The time
for exercise of judgment and for action was short.
Naturally he would attempt to stop the car with the
brake. After he saw that could not be done, it was
probably too late for him to take further action. It
is claimed by defendant that one of the men called to
him to sit down, but it is not clear that he heard the
call, or that in the excitement of the moment, after
trying the brake, he could have acted.

As before stated, deceased was killed in the State
of Kansas, and the matters complained of happened in

that State. For that reason defendant takes the position that by reason of the following statute of Kansas no action can be maintained in this State: ". . . But no action shall be brought against any railroad company doing business in this State except in the county where its principal office or place of business may be located, or in a county into or through which its railroad may run and in which the plaintiff shall, prior to and at the time of the institution of such action, have been a bona fide resident therein; provided, that actions for damages on account of injury to person or property may be brought in the county in which the injury occurred." [Sec. 2, chap. 379, Laws 1903.]

Actions of the nature of the present one are transitory. In case of death occasioned by negligence committed in another State, there was difficulty, at one time, in enforcing them in the courts of this State, by reason of no one being authorized to maintain the suit. [Vawter v. Ry. Co., 84 Mo. 679.] This was afterwards remedied by the Legislature. [Secs. 547, 548, R. S. 1899; Laws 1905, p. 95.]

But defendant insists that the State of Kansas "has a right to legislate not only as to what shall constitute a cause of action, but also to place on and about the same such limitations as to when and where the suit may be brought;" and that as the statute above quoted provides that actions must be brought in some county in Kansas, it cannot be maintained in the courts of another State. We think that statute should not be so construed. That law was not intended to destroy the transitory nature of the action, so far as other states were concerned, but was merely intended to regulate the procedure if the action was brought in Kansas. Prescribing where the action shall be instituted has nothing to do with the creation of the right to the action, and there is no more ground for saying that for the reason that the Legislature of Kansas has prescribed where an action in that State against a railroad

company for injury to persons shall be brought, that it cannot be maintained in another State, than there would be in saying that because the venue of any other personal action has been prescribed, that such actions were thereby made local to the State and could not be maintained in any other State or country. An action like the present, the cause of which also arose in Kansas, was considered on its merits by the Supreme Court (Newlin v. Railroad, 222 Mo. 375), a consideration it would not have had if that court had thought the action not maintainable here. So we have likewise considered cases on their merits which arose in Kansas. [Philes v. Ry. Co., 141 Mo. App. 561; and Fowler v. Elevator Co., *ante*, 422.]

The next objection urged by defendant is that no proper notice of the death was given to it by plaintiff as required by the statute of Kansas. Section 6312 of that statute gives an action for injury to an employee in consequence of negligence of a fellow servant: *"Provided,* that notice in writing that an injury has been sustained, stating the time and place therefor, shall have been given by or on behalf of the person injured, to such railroad company, within eight months after the occurrence of the injury." Another section (6313) provides for the manner of service of the notice by declaring that "The service mentioned in section 1 (6312) hereof may be served by a written copy thereof by the person injured, or any one on his behalf, or, if he dies, by the person or persons entitled to recover for said injury, upon any person designated by the railroad in the county in which the action is brought, . . . or, if no such person has been designated or appointed, then upon any local superintendent of affairs, freight agent, agent to sell tickets or station keeper of such company or corporation in such county, . . ."

Considering the creation of the right of action to be conditioned upon the giving of the required notice,

it becomes necessary to plaintiff's case to inquire whether a proper notice was given. It will be seen that a notice is absolutely required by the terms of one section and the manner of giving it is set forth in a separate section. A notice must be given and this requirement is not made to depend upon the place where the suit is to be afterwards brought. It ought not to be said that requiring a notice was intended to deprive the right of action of its transitory character and compel a suit thereon to be instituted in Kansas. That would be giving broader significance to the terms of section 6312 than its language justifies. And yet that is the effect of sustaining defendant in its position that the notice, in *all* instances, must be served as directed in section 6313; for that section only contemplates a service in the county in Kansas in which the suit is brought. The notice must be given as a prerequisite to instituting the action; but the *mode of service* of such notice is not a condition to such right. The statute of Kansas prescribing the way in which a notice may be given is intended to govern the service if the action is begun in that State. It is a matter of form of procedure and cannot have effective force and application when the action is brought in a foreign State. It is no more entitled to control outside the limits of Kansas than would any prescribed form of pleading, or service of writs, in any transitory action.

So, therefore, while necessarily there was no notice served in Kansas in the county in which suit was brought, as is contemplated by the statute aforesaid, yet in determining the matter of service of notice that statute need not be considered in actions brought in a foreign State, and we have only to consider whether plaintiff served defendant with notice in a manner sufficient by the law of this State. It is shown that she did, within eight months, serve notice in writing on defendant's freight agent in Kansas City, Missouri, where the present action was brought. Whether ser-

Husted v. Railroad. .

vice of a notice, affecting the defendant, on a freight agent, is proper service on defendant, we need not say. The statute of this State does not make provision for such notice and we are not advised by counsel for either side whether a "freight agent" at a certain place is a person upon whom a service binding on the railway company may be made. The reason we need not decide that, is, that in this case plaintiff brought an action within the eight months limit, by filing a petition which set forth in full the negligent occurrence in Kansas resulting in deceased's death, setting out the detail of it, including the time and place. Summons to that action was duly served within the eight months, and defendant appeared thereto. That suit was afterwards dismissed and the present one begun. We consider that a sufficient notice in writing as required by section 6312 of the Kansas statute, as above set out. That notice was not disputed and naturally could not have been. It is therefore unnecessary to consider any other notice offered.

Considering what we have written, we do not know that it is necessary to refer to a point made by defendant that in view of the language of the Kansas statute, the notice should have been served by plaintiff personally, further than to say we do not think that is its meaning.

We do not regard the several objections to evidence as of any substantial merit. Nothing was admitted which is now complained of which by any reasonable view could have harmfully affected the defendant.

Objection to plaintiff's first instruction is without merit. It covered the entire case in a plain way. Objection was also made to a refusal of defendant's instruction No. 6. This was on the subject of deceased's duty to carefully observe the brake and test it; and it submitted the hypothesis of his duty to so test it "before allowing the car on which he was located to be moved from the brink of the incline." It may have

been intended to write "*to* the brink of the incline," instead of from it. But as written, it would clearly have been improper to give it. The evidence shows that deceased had no part in allowing the car to move "from" the brink. It started without his knowledge and by reason of not being properly coupled to the other cars as explained at the outset.

On the matter of excessive verdict, we have concluded defendant's complaint well grounded. It was for $5000. Deceased had no family of his own, nor did he leave father or mother. Plaintiff represents herself and his brothers and sisters. He was under no obligation to support them or either of them. Under the law of Kansas they can only recover their pecuniary loss. [Ry. Co. v. Ryan, 62 Kan. 682.] Though living on a farm with deceased, either of them may have married at any time, or otherwise separated. It does not seem to us that the case made justifies so large a sum, and we will reverse the judgment and remand the cause unless plaintiff will within fifteen days remit twenty-five hundred dollars. If that is done, the judgment will be affirmed. All concur.