### KROGER GROCERY & BAKING CO. v. REDDIN (two cases).

### Nos. 12199, 12200.

Circuit Court of Appeals, Eighth Circuit.
June 24, 1942.

Wayne Ely, of St. Louis, Mo., for appellant.

Milton Keiner, of St. Louis, Mo., for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

These actions were brought in Missouri by the appellee, a Missouri administratrix, to recover damages, under a statute of Illinois, for wrongful deaths. The actions were tried together before a jury, which returned a verdict in each case for the plaintiff. From the judgments entered, the defendant has appealed, challenging (1) the capacity of the plaintiff to sue, (2) the ruling of the trial court that a release executed by Lorine Reddin was not a bar to the actions, and (3) the sufficiency of the evidence to sustain the verdicts.

Clarence Reddin was the husband of Lorine Reddin, and Mary Elizabeth Reddin was their daughter. As the result of injuries caused by a collision between the automobile in which the Reddin family were riding and a tractor or truck with a semi-trailer attached belonging to the defendant, which collision occurred on a public highway in Illinois on September 2, 1939, Clarence Reddin and Mary Elizabeth Reddin died.

Lorine Reddin was, on March 16, 1940, appointed by the Probate Court of the City of St. Louis, Missouri, administratrix of the estates of her deceased husband and daughter. Plaintiff commenced these actions in the Circuit Court of the City of St. Louis, asserting that the deaths of her husband and daughter were due to the negligent operation of the defendant's motor vehicle, and that, by virtue of the wrongful death statute of Illinois (Cahill & Moore's 1935 Revised Statutes of Illinois, Chap. 70, §§ 1, 2, Ill.Rev.Stat.1941, c. 70, §§ 1, 2), she was entitled to damages "for the exclusive benefit of the widow and next of kin of such deceased person[s]," as provided by that statute. The cases were removed to the court below by defendant because of diversity of citizenship.

The defendant first moved to dismiss on the ground that plaintiff was without legal capacity to sue. The motion was denied. The defendant then answered, denying negligence, denying that the causes of action asserted had accrued to plaintiff, and asserting that Clarence Reddin, who was the driver of the Reddin automobile, was guilty of contributory negligence, and that Lorine Reddin, both in her individual capacity and as representative, had on September 12, 1939, released the defendant from all liability on account of the deaths of the husband and daughter. On the trial of the cases, at the close of the evidence the defendant moved for directed verdicts on the grounds, (1) that plaintiff was without capacity to sue, (2) that the causes of action had been settled and released, and (3) that the evidence failed to show negligence on the part of the defendant. The court refused to direct verdicts, and, after the jury had returned verdicts for the plaintiff, the defendant moved for judgments notwithstanding the verdicts or for new trials. The court denied these motions, and these appeals followed.

■ 1. The first contention of the defendant is that, under the law of Missouri, a Missouri administratrix may not maintain an action in the courts of Missouri based upon the wrongful death statute of another state. If the defendant has the confidence in this contention which it professes, it seems strange that it removed these actions from a state court—which court would, if defendant is right, be bound to dismiss the actions—to a federal court which had already definitely ruled that, under Missouri law, actions under the Illinois wrongful death statute can be maintained in Missouri by an administratrix appointed in Missouri. See Richter v. East St. Louis & S. Ry. Co., D.C.Mo., 20 F.2d 220. From the standpoint of justice, morals and common sense, there is no reason why a transitory cause of action, whether recognized by common law or created by statute, should not be enforceable in accordance with the substantive law of the state where the cause of action arose, in any court in this country which has jurisdiction of the subject matter and can obtain jurisdiction of the parties. This was recognized by the Supreme Court of the United States in Dennick v. Railroad Company, 103 U.S. 11, 26 L.Ed. 439, in 1880, at a time when wrongful death statutes were a novelty and state lines had

greater significance than they have today. That court ruled that a New York administratrix could sue in the courts of New York under a wrongful death statute of New Jersey similar to the statute of Illinois upon which the plaintiff in these actions relies. The court said (page 18 of 103 U.S.): "Wherever, by either the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties."

The Illinois wrongful death statute imposes upon a person who negligently causes the death of another in that state an obligation to respond in damages to "the personal representatives of such deceased person," and provides that an action to enforce the obligation shall be brought by and in the name of the personal representatives, and that any damages recovered shall be for the exclusive benefit of the widow and next of kin of the deceased. It is obvious that there is nothing in the law of Illinois which limits the right to enforce the obligation created to a personal representative appointed in Illinois, or requires that the obligation be enforced only in the courts of Illinois. It seems clear that, unless the laws of Missouri forbid the enforcement of a cause of action for wrongful death arising under the laws of another state, by an administratrix appointed in Missouri, the plaintiff has the capacity to maintain these actions.

■ The exact question with which we are confronted was considered by the late Judge Charles B. Faris while a United States District Judge for the Eastern District of Missouri, in 1927. No one can question his qualifications to rule upon a question of Missouri law. He was a distinguished lawyer and jurist of that State and had served as a member of its highest court. In Richter v. East St. Louis & S. Ry. Co., supra, 20 F.2d 220, he ruled that a Missouri administratrix had capacity to maintain an action for wrongful death based upon the Illinois statute in suit. Judge Davis, who presided at the trial of the cases at bar and who is equally well versed in the laws of Missouri, has followed the ruling of Judge Faris in the Richter case. We shall avoid undue repetition of what is said in the opinion in that case. Strangely enough, the Supreme

Court of Missouri has not as yet put the exact question completely at rest, but, contrary to defendant's contention, there is no ruling of that court in any case which demonstrates that the plaintiff lacks capacity to sue. Prior to 1905, because of a statute of Missouri, a personal representative of a decedent was without authority to maintain an action in that State "on the case for injuries * * * to the person of the testator or intestate of any executor or administrator." § 97, R.S. Missouri 1879; Vawter v. Missouri Pac. Ry. Co., 84 Mo. 679, 54 Am.Rep. 105; Oates v. Union Pac. Ry. Co., 104 Mo. 514, 16 S.W. 487, 24 Am.St.Rep. 348; McGinnis v. Missouri Car & Foundry Co., 174 Mo. 225, 73 S.W. 586, 97 Am.St.Rep. 553. The statutory limitation on the right of a local administrator to sue for the wrongful death of his intestate was eliminated by the Missouri legislature in 1905. Laws of Missouri 1905, p. 95, Mo.R.S.A. § 857; see §§ 3652, 3653 and 3654, R.S.Missouri 1939, Mo.R.S.A. §§ 3652–3654. A foreign administrator may maintain in Missouri an action for wrongful death based upon the laws of another state. Sec. 857, R.S. Missouri 1939; Byram v. East St. Louis Ry. Co., Mo.App., 39 S.W.2d 376. Missouri has a wrongful death statute (§§ 3652, 3653 and 3654, R.S.Missouri 1939), which differs from the Illinois statute only with respect to the persons upon whom the right of action is conferred and by whom it may be enforced. Under the Missouri statute, the personal representative of the decedent has only a limited and contingent right to bring such an action. See Richter v. East St. Louis & S. Ry. Co., supra (page 221 of 20 F.2d). Under these circumstances, we think it cannot be said that there is any public policy of Missouri which precludes a local administratrix from enforcing in the courts of Missouri a right to recover damages for wrongful death conferred upon her by the laws of another state. See Guerney v. Moore, 131 Mo. 650, 32 S.W. 1132, 1138, 1139; Burg v. Knox, 334 Mo. 329, 67 S.W.2d 96, 100; Mosby v. Manhattan Oil Co., 8 Cir., 52 F.2d 364, 77 A.L.R. 1099; Northern Pac. R. Co. v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958.

In Husted v. Missouri Pac. Ry. Co., 143 Mo.App. 623, 128 S.W. 282, decided in 1910 by the Kansas City Court of Appeals, it was ruled that a Missouri administrator could maintain in the courts of Missouri an action under the wrongful death statute of another state. That court said (pages 283, 284 of 128 S.W.): "Actions of the nature of the present one are transitory. In case of death occasioned by negligence committed in another state, there was difficulty at one time in enforcing them in the courts of this state by reason of no one being authorized to maintain the suit. Vawter v. [Missouri Pac.] Railway Co., 84 Mo. 679, 54 Am.Rep. 105. This was afterwards remedied by the Legislature. Sections 547, 548, Rev.St.1899; Laws 1905, p. 95 (Ann.St.1906, p. 586 [Mo.R.S.A. § 857])."

This probably would have been accepted as the law of Missouri had it not been for certain language used by the Supreme Court of Missouri in Schueren v. St. Louis & N. E. Ry. Co., 192 S.W. 965, decided in 1917. In that case the cause of action arose under the Illinois statute, which, as already pointed out, conferred upon the personal representative of the decedent the right to sue for wrongful death. The widow and children of the decedent, as individuals, had brought the action in Missouri, and the question for decision was their capacity to sue. The Supreme Court of Missouri decided that the only person who could enforce the right given by the Illinois statute was the person designated by that statute, namely, the personal representative of the decedent. Instead of stopping at that point, however, the court went on to say (page 966 of 192 S.W.): "And we have previously pointed out that an administrator, though appointed in this state, would have no authority to sue in our courts on this cause of action created by the statutes of Illinois before mentioned." This language, of course, cast doubt upon the validity of the decision in the Husted case (128 S.W. 282), which was not mentioned in the opinion in the Schueren case (192 S.W. 965); nor did the Supreme Court of Missouri in the Schueren case make any reference to the amendment of 1905 relied upon in the Husted case. This Judge Faris pointed out in his opinion in the Richter case (20 F.2d 220), and he refused to accept the above-quoted language of the opinion in the Schueren case as controlling, on the ground that the Supreme Court of Missouri in that case had not considered, and had not been required to consider, the amendment of 1905 in reaching its decision. (See page 224 of 20 F.2d.) This, we think, he was justified in doing.

■ Another reason for believing that the plaintiff is not precluded from bringing these actions in Missouri is that § 856, R.S. Missouri 1939, Mo.R.S.A. § 856, provides: "Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be brought in any of the courts of this state, by the person or persons entitled to the proceeds of such cause of action: Provided, such person or persons shall be authorized to bring such action by the laws of the state or territory where the cause of action accrued."

The Supreme Court of Missouri has given this statute full force and effect. Lee v. Missouri Pac. Ry. Co., 195 Mo. 400, 92 S.W. 614; State ex rel. Pacific Mutual Life Ins. Co. v. Grimm, 239 Mo. 135, 143 S.W. 483 [overruled on another point in State ex rel. American Cent. Life Ins. Co. v. Landwehr, 318 Mo. 181, 300 S.W. 294]; Burg v. Knox, 334 Mo. 329, 67 S.W. 2d 96, 98–100. That court has ruled that the statute is binding upon all the courts of the State and that no court may decline jurisdiction over any suit within the purview of the statute. (See Burg v. Knox, supra, page 99 of 67 S.W.2d.) Careful consideration of the opinion of the Kansas City Court of Appeals in Burg v. Knox, 1932, 54 S.W.2d 797, and of the opinion of the Supreme Court of Missouri overruling it (334 Mo. 329, 67 S.W.2d 96) leaves little doubt as to the correctness of the conclusion of the court below that the maintenance of the actions at bar contravenes no public policy of Missouri. It is true that in Burg v. Knox the Missouri courts were not dealing with a cause of action for wrongful death conferred by a statute of another state, but were dealing with a cause of action for personal injuries arising under the laws of Kansas. The wrongdoer had died. The injured person had sued the Missouri administratrix of the wrongdoer in Missouri. Concededly, the action could be maintained under the laws of Kansas, but if the same cause of action had arisen in Missouri an action could not have been maintained because not commenced before the death of the wrongdoer. The Kansas City Court of Appeals decided that, because of the difference in the statutory law of the two states, the action could not be maintained. The Supreme Court of Missouri ruled that the maintenance of such an action was not contrary to the public policy of Missouri. The opinion of the Supreme Court of Missouri in that case, we think, demonstrates that any transitory cause of action arising under the laws of another state may be enforced in the courts of Missouri, unless against public policy in the sense that its enforcement would be contrary to good morals or natural justice or would be prejudicial to the interests of the citizens of Missouri. Burg v. Knox, supra (page 100 of 67 S.W.2d).

The defendant refers to language in the cases of Rositzky v. Rositzky, 1939, 329 Mo. 662, 46 S.W.2d 591, and Demattei v. Missouri-Kansas-Texas R. Co., 1940, 345 Mo. 1136, 139 S.W.2d 504, as supporting its contention that the plaintiff lacks capacity to sue. It is obvious that those cases are not in point. The question considered in the Rositzky case was whether a widow could recover in Missouri for the negligent killing of her husband in Iowa, without pleading or proving the law of that state. It was held that the courts of Missouri cannot take judicial notice of Iowa law. The question in the Demattei case, as stated by the Supreme Court of Missouri, was, "Can a non-resident administrator maintain an action in the courts of this State for wrongful death of a nonresident where the death occurred in this State under such circumstances as to come within the provisions of Section 3262, R.S. Mo.1929 [Mo.R.S.A. § 3652] ?" (Page 505 of 139 S.W.2d.) The ruling was that the Missouri statutes under such circumstances do not give to a foreign administrator the right to maintain such a suit in the courts of Missouri, the Missouri wrongful death statute being controlling.

It is our opinion that, under the laws of Missouri, the plaintiff had the capacity to maintain these actions.

■ 2. Did the trial court err in ruling that these actions were not barred by reason of the fact that Lorine Reddin had on September 12, 1939 (prior to her appointment as administratrix), entered into a settlement with the defendant and executed a release of all liability, demands or claims growing out of the accident in which her husband and daughter were killed? The release provided, among other things, as follows: "This instrument is a full and complete release and is to foreclose the said Lorine Redden from making any further claims whatsoever either for herself or because of the deaths of her husband and daughter, or because of the injuries to the said other minor children,

for loss of services of the said minor children, or any other claims or demands whatsoever."

The trial court rejected evidence offered by defendant to establish the defense of release, and ruled out that defense. The wrongful death statute of Illinois conferred no causes of action upon Lorine Reddin and her four minor children as individuals. Lorine Reddin, as an individual, was not the sole beneficiary of the actions authorized by the Illinois statute, and could not release the defendant from the obligations imposed by the statute. See Maney v. Chicago, B. & Q. R. Co., 49 Ill.App. 105; Illinois Central R. Co. v. Cozby, 69 Ill. App. 256; Southern Pac. Co. v. Tomlinson, 163 U.S. 369, 374, 375, 16 S.Ct. 1171, 41 L.Ed. 193; Cowen v. Ray, 7 Cir., 108 F. 320; Carson v. Gore-Meenan Co., D.C., 229 F. 765; 17 C.J. 1247, § 98; 25 C.J.S., Death, § 47, p. 1145; 16 Am.Jur. 108, § 160.

■ 3. Was the defendant entitled to directed verdicts? In deciding that question we must assume as established all of the facts that the evidence supporting the plaintiff's claims reasonably tends to prove, and must draw in the plaintiff's favor all the inferences fairly deducible from such facts. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439.

The collision which was the source of these actions occurred about 1 P. M. on September 2, 1939. The Reddin car was traveling easterly on a paved highway in Illinois. The pavement was 18 feet wide with the usual line marking its center. The Reddin car was in the lane south of the line. Approaching the Reddin car, and traveling westerly, was a large motor vehicle belonging to defendant, consisting of a truck or tractor and semi-trailer. The tractor was about 10 feet long and the semi-trailer 22 feet long. The width of the vehicle was about 7 feet 10 inches. If it was traveling in the middle of the north side of the paved portion of the highway, there would be a clearance of about 7 inches from the north edge of the pavement and the same clearance from the center of the pavement. In passing the Reddin car, the left front corner of the semi-trailer collided with the left side of the Reddin car, virtually demolishing that side of the car. After the vehicles had come to rest, the Reddin car was still facing east and was on the right or south side of the center line. Clarence Reddin's body was lying on the center line beside the car. He had been killed. Mary Elizabeth Reddin, who had been seated behind him in the car, was so badly injured that she died shortly thereafter. The Kroger vehicle was in the ditch on the north side of the highway.

■ There can be no doubt that the plaintiff's evidence tended to show that the Reddin car was at all times on the south lane, where it belonged. Lorine Reddin was beside her husband in the front seat of the car, holding a two-year old child. Three other children were in the rear seat with Mary Elizabeth. Lorine Reddin testified that she looked down at the child in her lap shortly before the collision; that she looked up and saw a large object in front of her "about middleways of the mark," "on our side of the highway"; and that the crash followed. The theory of the defendant that the Reddin car, just prior to the collision, turned to the left and ran into the front end of the semi-trailer is impaired by the facts that the front end of the Reddin car was not damaged, that the bulk of the debris resulting from the collision was on the south side of the pavement, and that, although the Kroger vehicle, according to defendant's evidence, had immediately prior to the collision, been turned to the right on the north side of the highway and was then off or on its way off the pavement, the Reddin car came to rest on the south side of the center line. We think that the jury reasonably might infer from the evidence most favorable to plaintiff that the front end of the semi-trailer angled over the center line into the path of the Reddin car. To discuss the evidence in detail would serve no useful purpose. The physical facts do not disprove plaintiff's claim that the Kroger semi-trailer was partly on the south side of the highway when the collision occurred and that its being there caused the collision. This case bears a strong resemblance to the case of Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, although the evidence in that case tending to show that the driver of the truck involved in that collision was not at fault was, we think, stronger than the evidence of the defendant in this case. It is our opinion that the question of the defendant's negligence was, as it usually is in such cases, for the jury.

Affirmed.