CHRISTINE T. O'BRIEN, as Administratrix, with limited letters, of the Estate of EDWARD T. O'BRIEN, Deceased, Plaintiff, *v.* CHARLES F. THELLUSSON, Defendant. *

Supreme Court, Special Term, Kings County, January 28, 1943.

*Twohy & Kelléher* for plaintiff.

*J. Austin Lyons* for defendant.

FROESSEL, J. Plaintiff, an administratrix to whom letters were issued by the Surrogate's Court of Kings County for the purpose of prosecuting this action (see Surrogate's Ct. Act, §§ 89, 122), moves to dismiss the defendant's second affirmative defense for legal insufficiency. The action is to recover damages for wrongful death as the result of an automobile accident, which occurred in the State of New Jersey. Plaintiff's intestate died a resident of New York State. Plaintiff and defendant were and still are residents of this State. The defendant's automobile, involved in the accident, was licensed by this State. Various provisions of the New Jersey statute are set forth in the amended complaint. (Revised Statutes of New Jersey [1937] vol. I, tit. 2, ch. 47, §§ 1, 3, 4, 5.)

The defense challenged sets forth sections 2 and 6 of said statute, not pleaded in the amended complaint. Section 2 of

* See, also, *Sutila* v. *New York Central R. R. Co.*, 180 Misc. 561, and *Jongebloed* v. *Erie R. R. Co.*, 180 Misc. 893.— [REP.

chapter 47 of title 2 provides as follows: " Persons entitled to sue or make claim. Every action, proceeding or claim brought, instituted or made under this chapter shall be brought, instituted or made in the name of an administrator *ad prosequendum* of the decedent, for whose death damages are sought to be recovered, except where decedent dies testate and his will is probated, in which event the executor named in the will and qualifying shall bring the action, proceeding or claim."

Section 6 of chapter 47 of title 2 provides to whom the amount recovered by way of settlement or in satisfaction of a judgment shall be paid. The said defense further alleges that the plaintiff is precluded from maintaining this action by reason of the restrictions contained in section 2 of chapter 47 of title 2.

Upon reason and authority, the defense must be stricken. It is well settled, and the defendant readily concedes, that the New Jersey statute is enforcible in New York. (*Wikoff* v. *Hirschel,* 258 N. Y. 28.) The defendant maintains, however, that plaintiff, appointed administratrix by a New York court, is not the proper person to institute this action, but that an administratrix *"ad prosequendum"* appointed by the courts of New Jersey is necessary.

At the outset, it may be observed that the New Jersey statute and the New York statute (Decedent Estate Law, §§ 130–134) are substantially similar. Though it has been held in *Loucks* v. *Standard Oil Co.* (224 N. Y. 99, 111) that similarity of legislation is not the test, and the mere fact that we may not give a like right is no reason for refusing to assist a plaintiff in procuring what belongs to her unless such assistance " would violate some fundamental principle of justice, some prevalent conception of good morals, or some deep-rooted tradition of the common weal," the presence of such legislation " shows beyond question that the foreign statute does not offend the local policy." The New Jersey statute provides for the institution of such an action by an "administrator *ad prosequendum.*" Under the New York statute the plaintiff, as administratrix, has letters " limited to the prosecution " of the action. Thus the statutes, in this respect, are, to all intents and purposes, identical, and there is nothing in the New Jersey statute requiring the administrator to be appointed by the courts of New Jersey. Under the decisions of the courts, both of this State and of the United States, the plaintiff in this case is a proper person to institute this action, and it is unnecessary that an administratrix *ad prosequendum* be appointed by the courts of the State of New Jersey. (*Loucks* v. *Standard Oil Co., supra.*)

*Leonard* v. *Columbia Steam Nav. Co.* (84 N. Y. 48, 55), which held on a similar state of facts "that the right of the [New York] administrator to bring the same is clear and beyond question. The letters of administration granted by the surrogate are conclusive as to his authority. * * * Nor was it essential, we think, that letters should have first been taken out in the State of Connecticut." To the same effect, with respect to the New Jersey statute, is *Dennick* v. *Railroad Co.* (103 U. S. 11), which referred with approval to the *Leonard* case, just cited, and *Public Service Electric Co.* v. *Post* (257 F. 933, 936), which held that " the purpose of the appointment in New York of an administrator with limited letters is the same as the purpose of the appointment of an administrator *ad prosequendum* in New Jersey." (*Kroger Grocery & Baking Co.* v. *Reddin,* 128 F. 2d 787.)

The motion is accordingly granted, with ten dollars costs. Submit order.