BARBARA SUTILA, as Administratrix of the Estate of JOSEPH SUTILA, Deceased, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.*

Supreme Court, Special Term, New York County, April 27, 1943.

*F. H. Mahony* and *Clive C. Handy* for defendant.

*Myers & Guerin* for plaintiff.

McLAUGHLIN, J. This is a motion made by the defendant to dismiss the complaint upon the ground that the New York State court has no jurisdiction of the cause of action since it appears that the plaintiff lacks the legal capacity to sue, and also upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

* See, also, *Jongebloed* v. *Erie R. R. Co.,* 180 Misc. 893.— [REP.

The defendant urges that a foreign administratrix has no capacity to sue in this State. The question has been left open by the Court of Appeals. (*Wikoff* v. *Hirschel,* 258 N. Y. 28.) It appears in the present case that the plaintiff is the widow of one Joseph Sutila, who received fatal injuries in an accident in Indiana County, State of Pennsylvania, on the 7th day of February, 1942. On July 29, 1942, the Registrar of Wills of Indiana County, Pennsylvania, appointed her administratrix, and she thereafter duly qualified and is now acting as administratrix. She has not been appointed ancillary administratrix in this State, and is suing as the administratrix appointed in the Commonwealth of Pennsylvania to recover damages for the death of her husband, alleged to be due to the negligence of the defendant.

Defendant seems to rely heavily upon the case of *Diatel* v. *Gleason* (22 F. Supp. 355), which is an opinion written by District Judge PATTERSON. The learned Judge there says that the cases throughout are in conflict and that the New York Court of Appeals has left the question open. In holding that a foreign administrator did not have legal capacity to maintain an action in another State, Judge PATTERSON felt that he was bound by a decision of the Circuit Court of Appeals. (*Cornell Co.* v. *Ward,* 168 F. 51.) However, he seems to intimate that the opposite view would be more " persuasive on principle and preferable in practice." This court is inclined to hold that *Wikoff* v. *Hirschel* (258 N. Y. 28, *supra*) is a case which intimates quite strongly that a statute of a sister State is enforcible here unless the provisions of the statute are at war with our public policies, or unless we cannot adapt the remedies prescribed in the statute to our forms of procedure. This principle should be applied in the present case since the law of the sister State seems to be practically the same as our own. There is no conflict with our public policy, and the forms of remedy meet the requirements of our forms of procedure, so that on principle and practice the court can see no reason why this administratrix cannot sue in this State as such.

The case of *O'Brien* v. *Thellusson* (180 Misc. 189) is directly in point. The reasoning of Mr. Justice FROESSEL is quite convincing in showing that this court has jurisdiction and that it is proper for an administratrix, such as we have here, to sue without previously obtaining ancillary letters in this State.

The other matters raised by the defendant have no merit. The motion is in all respects denied.