HERMAN C. JONGEBLOED, as Administrator of the Estates of KATHRYN JONGEBLOED, Deceased, of ROBERT JONGEBLOED, Deceased, and of ELAINE JONGEBLOED, Deceased, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant.[*]

Supreme Court, Special Term, New York County, April 27, 1943.

[*] See, also, *Sutila* v. *New York Central R. R. Co.*, 180 Misc. 561.— [REP.]

*Davis Polk Wardwell Sunderland & Kiendl* for defendant.

*Jeremiah J. Riordan* and *Irving Rodin* for plaintiff.

McLAUGHLIN, J. This is a motion brought by the defendant for an order dismissing the complaint for failure to set forth a cause of action, particularly upon the ground that the plaintiff is not the proper party plaintiff under the New Jersey Death Act (Revised Statutes of New Jersey 2:47–1 *et seq.*, as amd.) and that the action was not properly commenced within two years, the Statute of Limitations prescribed in that Act.

This is a death action arising out of a collision between an automobile and the defendant's train on January 2, 1941, in Ramsey, N. J. The defendant asserts that at the time the action accrued and when letters of administration were granted, the defendant was in the process of bankruptcy and that it was not functioning as a public carrier, but that its properties were in the custody of and controlled by the United States District Court, Northern District of Ohio, Eastern Division, and the trustees appointed by it pursuant to section 77 of the Bankruptcy Act (U. S. Code, tit. 11, § 205).

So far as the papers on this motion are concerned, it appears that the defendant has appeared generally and answered. It has not objected to the parties as named, but has voluntarily put in a general appearance. Any objection to the jurisdiction as to the parties has therefore been waived. (*James & Co.* v. *Second Russian Ins. Co.*, 208 App. Div. 141.)

There are several points, for the most part without merit, made by the defendant. The only one that requires discussion is that involving the claim that the cause of action resides solely in an administrator *ad prosequendam* to be appointed in Bergen County, State of New Jersey, followed by an application for ancillary letters of administration in New York County.

The question of whether a foreign administrator may sue directly in our courts based upon a foreign statute is one that has been left open by the Court of Appeals. (*Wikoff* v. *Hirschel*, 258 N. Y. 28.) However, the opinion in that case says that a statute of New Jersey is enforcible unless the provisions of the statute are at war with our public policy or unless we cannot adapt the remedies prescribed in the statute to our form of procedure. Assuming that the question can still be raised, this court is of the opinion that as the Surrogate of New York County had jurisdiction over the estate of the deceased and as the defendant had its office in New York County, we should permit such an administrator to sue without going through the

formality of having an administrator *ad prosequendam* appointed in New Jersey. This is the view that has been taken in another branch of this court. (*O'Brien* v. *Thellusson,* 180 Misc. 189.)

The defendant urges a decision by the United States District Court, *Diatel* v. *Gleason* (22 F. Supp. 355), which is to the contrary. However, the reasoning of Judge CARDOZO in the *Wikoff* case and Mr. Justice FROESSEL in *O'Brien* v. *Thellusson* (*supra*), convinces this court that jurisdiction has been had and that it is proper for the administrator here to sue without any previous application in New Jersey for the appointment of an administrator *ad prosequendam.* Motion is denied.