MACKAY, Administratrix, etc. *v.* CENTRAL R. Co.

*(Circuit Court, S. D. New York. November 8, 1880.)*

1. ADMINISTRATION—POWER TO SUE—LAW OF FOREIGN STATE.—An administrator in one state cannot recover damages for the benefit of the widow and next of kin in the courts and under the authority of a statute of another state.

*Richardson* v. *N. Y. Central R. Co.* 98 Mass. 85.

*Woodward* v. *Michigan Southern, etc., R. Co.* 10 Ohio St. 121.

SHIPMAN, D. J. The complaint in this case alleges that on April 23, 1874, Louisa S. Mackay died, and subsequently letters of administration upon her estate were duly granted to the plaintiff, a resident of the city of New York, by the surrogate of the county of New York; that the plaintiff duly qualified and entered upon the discharge of the duties of said office; that the defendants are a corporation created under the laws of the state of New Jersey, and are common carriers of passengers between the cities of New York and Jersey City, and on April 23, 1874, received Louisa S. Mackay, in New York, into one of their ferry-boats as a passenger, to be transported to Jersey City, and so unskilfully conducted themselves that in consequence of their negligence she fell between the end of the boat and the pier, at Jersey City, and was drowned. The complaint further alleges that by an act of the legislature of New Jersey, passed March 3, 1848, it was provided: "(1.) Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, and the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. (2.) Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every

such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person: *provided,* that every such action shall be commenced within 12 calendar months after the death of such deceased person."

After the jury was empanelled, and before any evidence was taken, the defendants moved to dismiss the complaint, because the plaintiff, an administratrix in the state of New York, and appointed solely under its laws, has no power or authority, by virtue of the statute of the state of New Jersey, to sue for and recover damages for the death of the intestate —a question which, it was conceded by the plaintiff, is clearly presented upon the pleadings. It is manifest that the right of an administrator to recover for the pecuniary injuries resulting from the death of the intestate to the widow and next of kin is unknown to the common law, and exists only by statute. It has been held that such a statute has no extraterritorial force, and that no recovery can be had thereon for an injury which was committed beyond the limit of the state by whose legislature the statute was enacted. *Whitford* v. *Panama R. Co.* 23 N. Y. 465; *Beach* v. *Bay State Co.* 30 Barb. 433.

The alleged injury in this case was received in New Jersey, and the question which arises is whether a New York administrator can, by virtue of the appointment of the surrogate of the county of New York, recover the damages which a personal representative is authorized to sue for and obtain for the benefit of the widow and next of kin by the statute of the state of New Jersey, and not by the laws of the state of New York. An administrator takes his title by force of the local law and the grant of administration. *Marcy* v. *Marcy,* 32 Conn. 308.

A New York administrator exists by virtue of his appoint-

ment under the laws of that state, and his powers and duties are prescribed by its statutes. Another state cannot impose upon him liabilities, obligations, or duties different from those which the laws of New York impose, for he takes upon himself such obligations only as the laws of the state which appointed him create. Neither can the statutes of another state impart to the New York administrator powers which the New York statutes do not confer. He is the creation of the local law, and, until additional authority is derived by virtue of an additional appointment, he has only the power which the local law confers.

The right which the plaintiff is supposed to have received by the statute of New Jersey is not a right to any property which are the assets of the deceased, or of her estate, but is a right to sue as trustee of a fund which may be obtained for the next of kin,—a position in which she is not placed by the law under which she was appointed. In order to execute such a trust the trusteeship must have been conferred, and the only title which the plaintiff has acquired to this trusteeship is by virtue of her appointment as administratrix by the surrogate under the laws of New York. Its laws do not confer upon the representatives of deceased persons any power to obtain damages for injuries resulting in death which the deceased received in another state. This question has been considered by the supreme courts of Massachusetts and of Ohio. In *Richardson* v. *N. Y. Central R. Co.* 98 Mass. 85, a Massachusetts administratrix sued a New York corporation for damages, by reason of the death of the plaintiff's intestate through the negligence of the defendants in New York. The right to sue was founded upon a New York statute which is very similar to the New Jersey statute. The court say: "The plaintiff is the administratrix, appointed under the law of Massachusetts. Her right to sue in this commonwealth in her representative capacity is upon causes of action which accrued to the intestate, or which grow out of his rights of property or those of his creditors. The remedy which the statutes of New York give to the personal representatives of the deceased, as trustees of a right of property in the widow and next of kin,

is not of such a nature that it can be imparted to a Massachusetts executor or administrator *virtute officii,* so as to give him the right to sue in our courts, and to transmit the right of action from one person to another in connection with the representative of the deceased. The only construction which the statute can receive is that it confers certain new and peculiar powers upon the personal representative in New York. A succession in the right of action, not existing by the common law, cannot be prescribed by the laws of one state to the tribunals of another." To the same effect is the decision in *Woodward* v. *Michigan Southern, etc., R. Co.* 10 Ohio St. 121.

The complaint is dismissed.