## DEXTER, HORTON & CO. *v.* SAYWARD.

*(Circuit Court, D. Washington, N. D. June 27, 1892.)*

1. **CONTRACT—CONSTRUCTION—NOVATION.**

A certain firm were creditors of defendant, having supplied him with merchandise and money for operating a sawmill. Thereafter they made a contract with a third person, whereby the latter was to furnish the money and supplies to operate the mill in future, and receive and sell the product,—paying to the firm $20,000 at the beginning, and $2,500 monthly for a period of 30 months, unless defendant in the mean time should pay the firm the sum due them. The contract contained a stipulation that payment of the sum due the firm should not be enforced during that time against defendant, with the proviso that the agreement should not prevent the firm from taking the necessary steps to preserve the "legal life" of their demand. *Held,* that the contract did not constitute a novation, and the firm retained their right to sue defendant at any time before the account became barred by limitation.

2. **SAME.**

The stipulation that the firm should not enforce their claim against defendant during the 30 months was not an extension of time so that the debt did not become due, or a bar to the maintenance and prosecution to final judgment of a suit thereon, but merely operated to prevent the seizure of defendant's property under execution or attachment for the indebtedness.

3. **SAME—ACTION—DEFENSES—COUNTERCLAIM.**

If defendant had any right of action growing out of the contract, he was entitled to plead it as a defense *pro tanto,* whether the contract should be regarded as affecting primarily plaintiff's cause of action, or only as giving rise to a claim for damages; for the Code of Washington permits any matters constituting a set-off or counterclaim, growing out of or connected with the subject of the action, or any other contract, to be pleaded by defendant in an action on a contract.

4. **SAME—PARTIES TO CONTRACT—PLEADING.**

Defendant, not being a party to the contract, or the party for whose benefit it was made, could not plead it as a defense by a mere general averment that he had performed its conditions. He must allege some specific act by which he had adopted the contract, and made himself a party to it.

5. **FEDERAL COURTS—FOLLOWING STATE PRACTICE—ACTION BY ASSIGNEE.**

Code Wash., providing that a cause of action assigned in writing may be sued on by the assignee notwithstanding that the assignor retains an interest therein, governs the federal courts sitting in the state, in actions at law.

At Law. Action by Dexter, Horton & Co., commenced by attachment, against W. P. Sayward, to recover a balance on account. Demurrer to plea in abatement sustained.

*Blaine & De Vries,* for plaintiff.

*B. F. Dennison, W. Lair Hill, J. B. Howe,* and *Battle & Shipley,* for defendant.

HANFORD, District Judge. This action is to recover a balance, amounting to $227,768.86, upon an open account in favor of the firm of Harrington & Smith, and against the defendant, which account was by said Harrington & Smith assigned to the plaintiff. The defendant has filed a plea in abatement alleging, in substance, that said Harrington & Smith were, on and prior to October 18, 1890, creditors of said defendant, having supplied him with merchandise and money for use in operating a sawmill; that on said date said Harrington & Smith, with the knowledge and consent of said defendant, entered into an agreement with one E. M. Herrick, providing, in effect, that on and after November 1, 1890, said Herrick should furnish the supplies necessary for operating said sawmill, and receive and sell the product of the mill, and that instead of applying the proceeds from sales of the product of the mill to the credit of said Harrington & Smith on said account, as had been done theretofore, he should make an immediate payment to them of $20,000, and thereafter pay them the sum of $2,-500 monthly, for a period of 30 months, unless the defendant should, before the expiration of that period, have paid in full the amount then due said Harrington & Smith, and that the payment of the amount due from the defendant to said Harrington & Smith should not be enforced within said period; with the proviso, however, that the agreement should not operate to prevent Harrington & Smith from taking the steps necessary for the preservation of the "legal life" of their demand. The defendant has also filed a second plea in abatement, alleging that the assignment of the account to the plaintiff was made as a security, only, for an indebtedness of said Harrington & Smith to plaintiff, and that said Harrington & Smith at the time of the commencement of this action were still the owners of the account, and the real parties in interest. To each of said pleas the plaintiff has demurred, on the ground that the facts alleged do not constitute a defense or counterclaim.

I have carefully considered all the questions argued by counsel on both sides, but will only indicate briefly my conclusions, and the reasons therefor.

I hold, *first,* that the agreement pleaded is not a novation. It was not intended to operate as a release or discharge of the defendant from his liability to Harrington & Smith. The terms of the agreement, and especially the proviso, are inconsistent with the argument advanced, that the agreement partakes of the essential features of a contract of novation. I interpret the proviso as an express declaration of a reservation on the part of Harrington & Smith of their right to sue the defendant upon the account at any time before the statute of limitations should bar an action thereon.

*Second.* There is in the agreement no covenant not to sue the defendant, Harrington & Smith only promised that they would not enforce

payment. A lawsuit may be commenced and carried on to a final judgment, and all disputed questions involved may be fully determined, and the exact amount due from one to the other adjudicated, without violating this agreement in letter or spirit. I think that the parties intended to stipulate only for the exemption of the defendant's property from liability to seizure under writs of attachment or execution for the indebtedness. Issuance and execution of such process are not necessarily steps to be taken in the case, within the period during which Harrington & Smith agreed that they would not enforce payment. If the plea were not insufficient for reasons which I will hereafter specify, I would hold that the agreement affords sufficient ground for dissolving a writ of attachment, and for a stay of execution.

*Third.* The agreement is not an extension of the time of credit so that in consequence thereof the debt is not yet due. It does not, by its terms, or by any intendment of the parties to be inferred therefrom, change the date of the maturity of plaintiff's cause of action. Enough has been already said to indicate my reasons for thus holding.

*Fourth.* The practice under the Code of this state permits any matter constituting a set-off or counterclaim, growing out of or connected with the subject of the action or any other contract, to be pleaded by the defendant in an action upon a contract. Therefore whether the agreement be regarded as one affecting primarily the subject-matter of the plaintiff's cause of action, or only as giving rise to a claim for damages, the defendant could plead it in this action as a defense *pro tanto*, if he were entitled to sue upon it. He would not be driven to a separate action.

*Fifth.* The agreement was made between Harrington & Smith and Herrick, and for their mutual benefit. While the defendant had an interest to be subserved by its fulfillment, he is not a party to it, nor the person for whose benefit it was made; therefore he could not maintain an action against either of the parties to enforce performance of its conditions, without alleging facts in addition to what is alleged in the plea under consideration. It is assumed in the argument on his behalf that the defendant had an interest in the contract at the time it was made, and that he has since made himself a party to it by performance of its conditions. I hold that a person not a party to a contract originally may adopt it as his own, and thereby become obligated to perform its conditions, and also entitled to claim the benefits of its provisions. But in this plea the allegations are insufficient to show that the defendant has in such manner become a party to this contract. The plea only alleges that Herrick and the defendant have performed the conditions of the contract on their part. This is, at best, only an argumentative allegation that the defendant has, by performance of its conditions, connected himself with the contract. What condition has the defendant performed? This is an inquiry which the plea does not answer, for in the agreement there are no promises or conditions creating an obligation on the part of the defendant. Therefore to say that Herrick and the defendant have performed the conditions of the contract is not a statement of any fact from which a necessary, or even reasonable,

inference can be drawn that the defendant has done any act whatever in recognition of the agreement. To make the agreement effective in his behalf in this action, the defendant must state clearly the doing of some specific act by which he has adopted the contract, and made himself a party to it.

The Code of this state provides, in express terms, that a cause of action assigned in writing may be sued upon by the assignee, notwithstanding the fact that the assignor retains an interest therein. With certain exceptions, the practice in actions at law in this court is governed by the laws of the state. Section 914, Rev. St. U. S. In this connection the attention of counsel is directed to the recent decision of the United States supreme court in the case of *Roberts* v. *Lewis*, 12 Sup. Ct. Rep. 781, in which it is held that, in a state having a practice act permitting a defendant to set forth in his answer as many defenses as he may have, as the civil practice act of this state does, "all defenses are open to a defendant in the circuit court of the United States, under any form of plea, answer, or demurrer which would have been open to him under like pleading in the courts of the state within which the circuit court is held;" which decision, in my opinion, annuls rule 7 of this court, requiring matter in abatement to be pleaded in a separate plea or answer. For the reasons stated both pleas are insufficient, and I sustain the plaintiff's demurrer.