NEDERLAND LIFE INS. CO., Limited, v. HALL.[1]

(Circuit Court of Appeals, Seventh Circuit. January 22, 1898.)

No. 466.

1. PARTIES—ASSIGNEE OF LIFE POLICY—RIGHT TO SUE.
The assignee of a life insurance policy, payable to the assured, his executors, administrators, and assigns, cannot maintain an action at law thereon in his own name in a state where the common-law procedure prevails.

2. FEDERAL COURTS—ADOPTION OF STATE PRACTICE—PARTIES.
Under Rev. St. § 914, where an assignee of a chose in action cannot sue thereon in his own name in the courts of a state, the same rule is obligatory on the federal courts held within such state.

3. PARTIES—RIGHT TO SUE—LEX LOCI CONTRACTUS.
The fact that the assignee of a contract is authorized to sue thereon in his own name in the state where the contract and assignment were made does not give him that right in the courts of another jurisdiction.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Henry B. Mason, for plaintiff in error.
James A. Fullenwider, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge. This action is brought by Fannie Gideon Hall, the defendant in error, to recover the sum of $10,000, the amount of a policy of life insurance issued by the Nederland Life Insurance Company, Limited, the plaintiff in error, upon the life of Elbert Mills Hall. The policy was executed in the city of New York, was dated October 5, 1895, and the sum stated was made payable to him, his executors, administrators, and assigns. The assured assigned the policy to the defendant in error on the 3d day of February, 1896. Elbert Mills Hall died March 25, 1896, and due proof of his death was given to the insurance company. The defendant below

---

[1] Rehearing denied March 5, 1898.

pleaded (1) the general issue; (2) the suicide of the assured within one year following the date of the policy; (3) false statements by the assured in his application for the insurance, which, by the terms of the policy, was made a part of the contract.

One of the assignments of error is to the effect that the trial court erred in admitting the contract of insurance, because the cause of action thereunder, if any, exists in the administrator of Elbert Mills Hall, and not in the assignee of the policy, and that suit should have been brought in the name of such administrator, for the benefit of the assignee, instead of being brought in her own name. We are of opinion that this assignment of error must prevail. Undoubtedly, in the state of New York, and in those states in which the Code of Procedure obtains, the suit should, in general, be brought in the name of the real party in interest. It is otherwise, however, in those jurisdictions where the strict rules of the common law prevail. There choses in action are assignable in equity only, and courts of law will not recognize the assignment, so as to allow the assignee to sue on the policy in his own name. Insurance Co. v. Ludwig, 103 Ill. 305, 312. The supreme court of Illinois in City of Carlyle v. Carlyle Water, Light & Power Co., 140 Ill. 445-452, 29 N. E. 556, ruled that the assignee of a chose in action might sue in his own name, where the debtor, after notice of the assignment, expressly or by implication, agrees with the assignee to pay him the debt. The facts of this case do not bring it within that ruling. The company here was not informed of the assignment until after the death of the assured, and neither expressly nor by implication promised to pay the amount of the policy to her or to any one. The courts of the United States are required (Rev. St. § 914) to conform, as near as may be, the practice, pleadings, and forms and modes of procedure in civil causes, other than equity and admiralty causes, to that existing in the courts of record of the state within which such courts are held; and, whether the formality with respect to the name in which suit should be brought in a case like the present is essential to or obstructive of the administration of justice, we are obligated to follow the established rules of the state wherein the suit is brought. It was ruled by the court below that, because the policy and assignment were made in the state of New York, and the law of that state authorizes suit in the name of the assignee, the courts of another jurisdiction, sitting in another state, must be governed by the law of the state of New York in considering the rights of the assignee under the contract. This holding was manifestly erroneous, as here applied. The contract, possibly, must be construed with respect to its validity and meaning by the lex loci; but the law to which reference is made is a rule of procedure with respect to the remedy, and is not a term of the contract. It might with equal propriety be said that, in the enforcement of a contract executed in a foreign country, and sought to be enforced here, the courts of this country must adopt for its enforcement the procedure of the place of the contract. The remedy for the enforcement must conform to the practice of the court enforcing it.

The record discloses 207 assignments of error, alleged to have occurred in a trial not exceeding in time three days. These assignments are grouped in the brief, and are comprehended in 11 errors specified. In view of our conclusion upon the error considered, it becomes unnecessary, and possibly would be improper, to consider the other errors assigned upon the rulings at the trial. We observe upon the fact merely to say that the rules of this court do not contemplate that an assignment of error need be couched in the particularity of statement which is required of a special plea, or reiterated in as many different expressions as the ingenuity of counsel may be able to suggest. It need be only a simple statement, that will call the attention of the court to the specific error complained of. The practice here adopted tends to unnecessarily incumber the record, and is "industriously bad." The judgment will be reversed, and the cause remanded, with directions to the court below to grant a new trial.