### SANBO v. UNION PAC. COAL CO.

#### (Circuit Court, D. Colorado. May 12, 1904.)

#### No. 4,463.

**1. WRONGFUL DEATH—ACTIONS—FOREIGN ADMINISTRATOR—RIGHT TO SUE.**
> An action for the wrongful killing of a servant in the state of Wyoming, brought under a statute of that state, cannot be maintained in the courts of Colorado by an administrator appointed in Colorado.

Doud & Fowler, for plaintiff.
Teller & Dorsey, for defendant.

HALLETT, District Judge (orally). No. 4,463, Andrew Sanbo, administrator of the estate of August Wainianpaa, against the Union Pacific Coal Company, is an action to recover damages for the death of plaintiff's intestate. The complaint charges that the defendant is a corporation organized in Wyoming, and operating coal lands in that state, and it employed August Wainianpaa to work in its mines, and that he was killed in the mine from certain machinery not being fenced as required by a statute of the state of Wyoming. Thereupon, owing to the negligence of the defendant in failing to fence such machinery in the mine, the company became liable to pay the plaintiff damages under the law of that state. The section of the law of Wyoming is set out in the complaint, and it provides that, if the life of a person employed in a mine shall be lost from failure to comply with the provisions of the act, the administrator of the estate of the person whose life shall be lost

¶ 1. See Death, vol. 15, Cent. Dig. § 36.

may recover damages for the loss.   Defendant demurred on the ground that an administrator appointed in the state of Colorado, as the plaintiff alleges he was appointed, has no right of action for a death occurring in Wyoming under the statute of that state.   In the argument of the demurrer the plaintiff's counsel relied upon certain decisions of the Supreme Court of the United States and the Supreme Courts of other states, in which it has been held that an administrator appointed in a foreign state to that in which the injury occurred may maintain an action under the provisions of Lord Campbell's act.   The principal case upon which counsel relied is Dennick v. The Railroad Company, 103 U. S. 11, 26 L. Ed. 439.   In that case it was held that an action arising under Lord Campbell's act in the state of New Jersey might be prosecuted in New York by an administrator appointed in that state.   Upon this decision, and numerous others, no doubt now exists as to the right of an administrator, appointed either in the state in which the injury occurred or in the state in which the action may be brought, to maintain an action for damages based upon that act.   In the discussion of the subject in the various authorities as to the right of an administrator appointed in a foreign state there are some peculiarities which may be worth while to mention in this connection.   A case which arose in South Carolina, which is entitled "Ex parte Northeastern Railroad Company," reported in 38 S. E. 634, 54 L. R. A. 660, presents the question whether, when the deceased resides in a foreign state, and is killed by an accident occurring upon a railroad, an administrator may be appointed in that state in which the accident occurred to bring a suit under Lord Campbell's act in the state in which the accident occurred.   In this instance, after the administrator had been appointed and had brought suit for the death of his intestate, the railroad company applied to the court in which the administrator was appointed to revoke the letters issued to him upon the ground that the deceased had no residence in the state of South Carolina, but was a citizen of the state of Florida, and his property other than that which arose from the killing upon the railroad was all in the state of Florida.   The court decided that an administrator could be so appointed even where there was no property of the deceased within the state, and the sole purpose of the appointment was to maintain a suit upon Lord Campbell's act. This, however, was so close a question that the court was divided upon it, and there was a dissenting opinion filed by one of the judges.   The argument was close and learned on the part of both the judge dissenting and the majority of the court.   The same thing occurred in Nebraska, in Missouri Pacific R. Co. v. Bradley, which is reported in 51 Neb. 596, 71 N. W. 283, in respect to the right to make an appointment in a case of loss of life, under Lord Campbell's act, in the state in which the death occurred; and there the court, consisting of three judges and three commissioners (who had no vote), affirmed the judgment below; the chief justice and the commissioners dissenting.   In a case which is reported in 168 U. S. 447, 18 Sup. Ct. 105, 42 L. Ed. 537 (Stewart v. The Baltimore & Ohio Railroad Company), the question was considered, and there the court seems to have proceeded upon the theory that the real parties in interest were the next of kin, who would take the amount recovered under the provisions of Lord Campbell's act.   The

case arose in the state of Maryland—that is to say, the injury occurred in that state—and the action was brought in the District of Columbia by an administrator appointed in that district. Under the Maryland act the suit was to be brought by the state for the use of the next of kin, who would become entitled to the damages, and the court discussed the question very much upon the point whether the action was for a penalty. It does not appear that any question was made as to the right of an administrator appointed in the District of Columbia, except in connection with the main question whether a suit could be brought elsewhere than in the state of Maryland. The court said:

"A negligent act causing death is in itself a tort, and, were it not for the rule founded on the maxim, 'Actio personalis moritur cum persona,' damages therefor could have been recovered in an action at common law. The case differs in this important feature from those in which a penalty is imposed for an act in itself not wrongful, in which a purely statutory delict is created. The purpose of the several statutes passed in the states in more or less conformity to what is known as 'Lord Campbell's Act' is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of persons injured by the death. An action to recover damages for a tort is not local, but transitory, and can, as a general rule, be maintained wherever the wrongdoer can be found. It may well be that, where a purely statutory right is created, the special remedy provided by the statute for the enforcement of that right must be pursued; but where the statute simply takes away a common-law obstacle to a recovery for an admitted tort it would seem not unreasonable to hold that the action for that tort could be maintained in any state in which the common-law obstacle has been removed."

Further on the court says:

"The two statutes differ [that is, in Maryland and in the District of Columbia]. The two statutes differ as to the party in whose name the suit is to be brought. In Maryland the plaintiff is the state; in this district the personal representative of the deceased. But neither the state in one case nor the personal representative in the other has any pecuniary interest in the recovery. Each is simply a nominal plaintiff."

From the whole course of the opinion the court was not very far from the conclusion that the beneficiaries might possibly, under some circumstances, maintain the suit without an administrator or the state as plaintiff. Other courts have not adopted this view. I do not know of any decisions among those I have seen—which have been quite numerous—that go so far as this case in that direction. But this explains very fully that the decisions under Lord Campbell's act as to the right of an administrator to maintain a suit in a state foreign to that in which the accident occurred are no authority to uphold the contention of plaintiff that this suit is well brought. The Wyoming act gives a right of action to the administrator of the estate of the person killed. Lord Campbell's act gives the fund recovered to the next of kin, differently arranged in different states. Sometimes it is the widow, or, in case of the death of the wife, a husband; sometimes it is the children, sometimes the parents; and following down the line to the next of kin in some remote degree, where there are none nearer to receive it. In no case does the fund recovered go into the general estate of the deceased

person. This was decided in Martin v. The Baltimore & Ohio Railroad, 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, and in very many other cases. It is difficult to understand how an administrator appointed in the state of Colorado can recover a fund which is to be distributed in Wyoming and according to the laws of Wyoming. It is quite true that, when an administrator has been appointed in the state in which the deceased resided, he, or perhaps some other person, may be appointed ancillary administrator in another state with a view to maintain an action in that state. Not, however, if the law of the state in which the action is to be brought allows a suit to be maintained by the administrator of another state. This fund, if any shall be recovered, is to be distributed under the laws of Wyoming, and the plaintiff administrator cannot be charged with any duty of that kind. Suing in a foreign jurisdiction, he apparently could only be charged with distributing the estate under the law of this state. Upon that it seems clear enough that an administrator, under the Wyoming act, appointed elsewhere than in the state of Wyoming, has no right of action. The language of the Supreme Court in the case of Stewart v. The Baltimore & Ohio Railroad Company is significant upon that point:

"It may well be that, where a purely statutory right is created, the special remedy provided by the statute for the enforcement of that right must be pursued."

That is this case. This is purely a statutory right; a right where none existed before, and none would exist but for the statute; and as that statute declares that the action must be brought by an administrator in the state of Wyoming, he only has a right of action under the provisions of the law.

The demurrer to the complaint will be sustained on the ground that the plaintiff administrator appointed in the state of Colorado has no right of action in the case.