### GASQUET v. FENNER et al.

#### (District Court, E. D. Louisiana. July 21, 1916.)

#### No. 15244.

1. JUDGMENT ☞822(3)—FULL FAITH AND CREDIT—POWERS—EFFECT.

One adjudged insane in Louisiana, against whom an interdiction was rendered, departed from the state and acquired a domicile in Tennessee, and by the Tennessee courts he was adjudged sane. Civ. Code La. arts. 420, 421, provide that, an interdiction having once been declared, the person interdicted cannot resume the exercise of his rights until after a definitive judgment repealing the interdiction. *Held*, that despite the full faith and credit clause of the federal Constitution, the Tennessee judgment has no extraterritorial effect and is not conclusive of complainant's right to relief in Louisiana as a person compos mentis, particularly where the interdiction was also based on complainant's incompetency because of excessive use of drugs and alcohol.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1500; Dec. Dig. ☞822(3).]

2. COURTS ☞343—FEDERAL COURTS—JURISDICTION OF.

Where, under the state practice, complainant could not, in Louisiana, maintain a suit for partition of an estate in which he was interested, the interdiction on account of his incompetency not having been removed, he cannot maintain a bill for partition in the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916, 919, 920; Dec. Dig. ☞343.]

In Equity. Bill by Ferdinand Vaughan Gasquet against Charles Payne Fenner, testamentary executor of Mrs. Louise Lapeyre Gasquet, and others. Bill dismissed without prejudice.

J. C. & Thos. Gilmore and Wm. Winans Wall, all of New Orleans, La., for plaintiff.

Denegre, Leovy & Chaffe, of New Orleans, La. (Geo. Denegre, of New Orleans, La., of counsel), for defendants.

FOSTER, District Judge. In this case the bill alleges that plaintiff, Ferdinand Vaughan Gasquet, is a citizen of Tennessee and sui juris; that he and his two sisters, Martha Gasquet, wife of George G. Westfeldt, and Evelyn Gasquet, wife of Charles Payne Fenner, are the sole heirs and residuary legatees of their mother, Mrs. Louise

Lapeyre Gasquet; that Charles Payne Fenner is the executor of his mother's will and in full possession of her estate under orders of the civil district court for the parish of Orleans, La.; that the estate amounts to more than $600,000, and has been fully administered; that he is unwilling to own the residuum in indivision with his sisters, and is entitled to have one-third of said estate turned over to him. On these allegations he prays for an accounting from the executor and for a partition as against his coheirs. The answer sets up the interdiction of plaintiff, denies he is a citizen of Tennessee, and that he is sui juris. It admits the value of the estate and plaintiff's interest in same, and that the debts have been paid and special legacies delivered, but denies the estate has been fully administered, on the ground that the executor cannot file his account because no curator has been appointed to the plaintiff. The answer denies that plaintiff has the right or capacity to demand an accounting and a partition.

The material facts are these: Plaintiff was charged with willfully shooting and wounding his mother's coachman. Because of his alleged insanity, the grand jury refused to indict him, and in a proceeding before the criminal district court for the parish of Orleans, La., he was adjudged insane and committed to the state insane asylum, but remained in the custody of the sheriff and was placed in Touro Infirmary in charge of a deputy. Plaintiff's sisters and other relatives filed proceedings against him for his interdiction, alleging his insanity and also his excessive use of alcohol and narcotic drugs. After a trial, at which he was present and was represented by counsel, there was a judgment as follows:

"It is ordered, adjudged, and decreed that there be a judgment in favor of plaintiffs and against defendant, Ferdinand Vaughan Gasquet, decreeing that said Ferdinand Vaughan Gasquet is incapable of taking care of his person and administering his estate, and pronouncing his interdiction."

From this judgment he appealed to the Supreme Court of Louisiana. While the appeal was pending he applied to the court of appeal for the parish of Orleans for a writ of habeas corpus. The writ was granted, and he was released from custody. On appeal the judgment of interdiction was affirmed (136 La. 957, 68 South. 89), the Supreme Court incidentally holding that the court of appeal was without jurisdiction to set aside the commitment of the criminal district court. Plaintiff then sued out a writ of error to the Supreme Court of the United States, and this is still pending. Early in the proceedings, on his own motion, an administrator pro tempore was appointed. This officer, in Louisiana, has the temporary administration of affairs of one against whom interdiction proceedings are pending, but not the custody of his person. After the final judgment of the Supreme Court of Louisiana, application was made by his relatives for the appointment of a curator to the plaintiff, but this he successfully resisted because of the writ of error pending in the United States Supreme Court. While the case was pending in the Supreme Court of Louisiana, on an application for a rehearing, plaintiff moved to Memphis, Tenn., and filed an ex parte petition in the probate court of Shelby county, praying for a jury to determine his sanity. On this

petition, after reciting the proceedings in the courts of Louisiana, a judgment was rendered as follows:

"It is therefore ordered, adjudged, and decreed that said verdict of the jury be, and the same is hereby, confirmed, and it is further adjudged, decreed, and declared by the court that said Ferdinand Vaughan Gasquet is a person of sound mind and capable and competent to control himself and his property, and that he is entitled to settlement from any and all persons having control, charge, or management of any part of his estate, real or personal; any disability of the said Gasquet by reason of the proceedings against him hereinbefore mentioned being hereby removed."

[1, 2] It is contended by the plaintiff that he was not insane when he removed to Tennessee, and that he acquired a domicile in that state; that the Tennessee court had jurisdiction, and its judgment, declaring him to be a person of sound mind, is entitled to full faith and credit, and is conclusive of his right to stand in judgment in this case. The defendants rely with equal confidence on the judgment of the Louisiana court. The question presented is perplexing, to say the least, and neither the adjudged cases nor the text-writers throw any appreciable light on the subject. There are cases holding that an interdict may acquire a new domicile, and probably plaintiff had sufficient mental capacity at times to do so. If he did acquire a domicile in Tennessee, the probate court of Shelby county apparently had jurisdiction to declare him sane. But in the view I take of the case, these questions are immaterial, and I do not pretend to decide them. Conceding, for the sake of argument, that the plaintiff had acquired a domicile in Tennessee, and that the probate court of Shelby county had jurisdiction over his person and authority under the law of Tennessee to declare him sane, nevertheless his capacity to sue in Louisiana is not completely established by the judgment rendered. The law of Louisiana recognizes that insanity may be only temporary, but yet provides that, interdiction having been once decreed, a person interdicted cannot resume the exercise of his rights until after a definitive judgment, repealing the interdiction. Articles 420, 421, Civil Code. Apparently the Supreme Court of Louisiana has had no occasion to construe these articles, which is not surprising, in view of their plain terms. The situation, therefore, is this: The plaintiff is judicially sui juris in Tennessee and not sui juris in Louisiana. One judgment has as much force and effect as the other; for, no matter what faith and credit the Tennessee judgment is entitled to as declaring plaintiff of sound mind, it could not have the extraterritorial effect of annulling the Louisiana judgment of interdiction, and a proceeding will be necessary in the court that pronounced the interdiction to set it aside. Again conceding, for the sake of argument, but without so deciding, that the Tennessee judgment is conclusive proof of plaintiff's sanity, it is apparent that the Supreme Court of Louisiana affirmed the judgment of interdiction on the theory that plaintiff was incapable of taking care of himself and his estate because of his excessive use of drugs and alcohol. With regard to this aspect of his case, he might be considered sane, and yet, under the law of Louisiana, subject to interdiction. There is no dispute as to plaintiff's interest in his mother's succession and the amount due him,

and therefore nothing for the court to pass upon in that respect. Partitions in matters of this kind, in Louisiana, are usually made by notarial act through a notary appointed by the court. This could not take place until the executor had filed his account. It is not alleged or suggested that the executor has been guilty of any breach of trust, or even negligence, in performing his duties. The executor, the defendant herein, is an officer of the Louisiana probate court, and that court is the proper tribunal to require him to file an account of his administration. The administration is not ended, and there is some doubt as to the jurisdiction of this court to entertain this suit at this time. Waterman v. Canal Bank, 215 U. S. 45, 30 Sup. Ct. 10, 54 L. Ed. 80. But be that as it may, it is well settled that in matters of this kind, federal courts administer the laws of the states and are bound by the same rules that govern the state tribunals. Security Trust Company v. National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. 147.

Plaintiff would have no standing in the state courts, though his sanity be conceded, either to require an accounting or to demand a partition, until the judgment of interdiction had been set aside in the proper proceeding in the court which rendered it.

The bill will be dismissed without prejudice.