## RICHTER v. EAST ST. LOUIS & S. RY. CO.

District Court, E. D. Missouri, E. D.    May 23, 1927.

No. 7655.

1. **Removal of causes** ⊕=10—**Removal on ground of diversity of citizenship cannot confer jurisdiction, where the state court was without jurisdiction.**

A federal court cannot acquire jurisdiction by removal on the ground of diversity of citizenship of a cause of which the state court was without jurisdiction.

2. **Constitutional law** ⊕=207(1)—**Privileges and immunities clause of Constitution only forbids arbitrary distinctions against citizens of other states (Const. art. 4, § 2).**

The provision of the federal Constitution (article 4, § 2), that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states, goes no farther than to forbid a state to make arbitrary distinctions against citizens of other states, and where an action cannot be maintained in its courts by a citizen of the state, it cannot by a citizen of another state.

3. **Courts** ⊕=343—**Conformity statute applies to parties entitled to sue at law (Comp. St. § 1537).**

The conformity statute (Rev. St. § 914 [Comp. St. § 1537]) applies to the parties who are entitled to sue in civil actions at law.

4. **Courts** ⊕=343—**Where by state statute an action for a tort cannot be maintained by a local administrator in a state court, it cannot in a local federal court.**

A local administrator, or any other citizen of the forum, may not sue for a tort, even in a local federal court, when a local state statute forbids the maintenance of such action by such an administrator or citizen in a state court.

5. **Death** ⊕=35—**Missouri administrator may sue in state court for death occurring in another state, where right to sue is vested in him alone (Rev. St. Mo. 1919, § 4217).**

In Illinois by statute the right of action for wrongful death is vested in the administrator of decedent for the benefit of next of kin. Rev. St. Mo. 1919, § 4217, gives the right of action to the surviving husband or wife, if any, and if not, to other specified relatives in succession, and in absence of any of these to the administrator. *Held* that, in view of the latter provision, action by an administrator is not contrary to the statute or public policy of the state, and that a local administrator may maintain an action in a court of Missouri for the death of his intestate, occurring in Illinois.

At Law. Action by Edwin Richter, administrator, against the East St. Louis & Suburban Railway Company. On demurrer to petition. Overruled.

Benjamin J. Klene, of St. Louis, Mo., for plaintiff.

Holland, Rutledge & Lashly, of St. Louis, Mo., for defendant.

FARIS, District Judge. Defendant demurs, for that (a) this action cannot be maintained in this court by the administrator under the law of Missouri, as applied to the facts set out in the petition; and (b) because the facts pleaded are not sufficient to constitute any cause of action against defendant.

These facts are few and simple. Plaintiff's decedent, a resident and citizen of Missouri in her lifetime, was killed in the state of Illinois, as it is said, by the negligence of the defendant's servants, employees and agents. Plaintiff was duly appointed administrator of her estate in Missouri, and in the city of her domicile and citizenship, and brought this action in the state circuit court of the city of St. Louis, whence it was duly removed to this court on account of diversity of citizenship. Under the Illinois statute an action for the negligent killing of a person by a common carrier can be maintained *only by the administrator of* him so killed. Under the law of Missouri, *ordinarily, a local administrator cannot sue* on such a cause of action in a state court of Missouri; certainly, when the cause of action arises in Missouri, and under the laws thereof; but such an action must be brought by certain parties who are named in the Missouri statute. Under certain contingencies, set out in the present statute (section 4217, R. S. Mo. 1919), an administrator may now sue.

The question touching who may bring and maintain an action in the state circuit courts of Missouri is of course a question as to which the construction put by the Missouri Supreme Court on the applicatory statutes of Missouri becomes and is the paramount law. There is a Missouri statute on the subject (section 98, R. S. Mo. 1919), which formerly, at least, denied administrators the right to maintain an action of this sort, subject, now, of course, in a proper case, to any change worked by the 1905 amendment to section 4217, R. S. Mo. 1919. From the former Missouri decisions construing section 98, supra, it seems clear that an administrator, appointed by the probate court of a county of Missouri, could not, before the amendment of 1905, have brought or maintained an action in a state court of Missouri for damages for the negligent killing of a person in this state. No one contends to the contrary.

It seems equally clear, under the Missouri ruled cases, that such local administrator could not before such amendment, have sued in such case in a Missouri state court, even though the death of his decedent happened, and thus the cause of action arose, in another state, wherein alone, as here, an administrator must sue. Vawter v. Mo. P. Ry. Co., 84 Mo.

679, 54 Am. Rep. 105; Oates v. Union Pac. Ry. Co., 104 Mo. 514, 16 S. W. 487, 24 Am. St. Rep. 348; McGinnis v. Mo. Car & Foundry Co., 174 Mo. 225, 73 S. W. 586, 97 Am. St. Rep. 553; Schueren v. St. L., etc., Ry. Co. (Mo. Sup.) 192 S. W. 965. These premises must, I think, be regarded as settled. Therefore, *if this cause of action had arisen in Missouri,* and had remained in the circuit court of the city of St. Louis, plaintiff could not have maintained it, and a demurrer, if there urged in such a case, must have been sustained, under a ground of demurrer provided by the statutes of Missouri.

[1] But it is urged here that, even if plaintiff could not have maintained this action in the state court where he commenced it, he may upon removal maintain it here nevertheless. No cases are cited, either for or against this proposition, by either side. Remarkable to say, I have not, after considerable research, found a case squarely in point. Upon principle, it is difficult to see how jurisdiction could exist here, if there were none in the state court, especially in a case wherein the jurisdiction is concurrent, and this court gets jurisdiction on account of diversity of citizenship alone. By analogy, the matter of removal has been likened to a change of venue. Davis v. St. Louis Ry. Co. (C. C.) 25 F. 786. If such analogy exists, and Judge Brewer (afterwards Mr. Justice Brewer) said in the case last cited that it does, this settles the question in favor of the view I express.

Both Illinois and Missouri have substantially enacted into their local laws what is called "Lord Campbell's Act." The statute of Illinois confers the right of action on the personal representative of the deceased for the benefit of his "widow and next of kin." The statute of Missouri now confers the right of action on four different classes of persons. By the first of these classes, the right of action is given to the surviving husband or wife, if he or she shall sue within six months. Under the second of these classes, the right of action goes to the children, natural or adopted, if there be no surviving spouse, or if the surviving spouse shall fail to sue in six months after the death of deceased. By the third of these classes, if there be no surviving spouse, and no children or their descendants, the father and mother (if deceased be a minor) take the right to sue. By the fourth subdivision (enacted as an amendment, in 1905, to what is now section 4217, R. S. Mo. 1919), if all the persons mentioned in all three of the preceding classes are nonexistent, or fall without the statute, then the action in Missouri may be brought by the personal representative of de-

ceased, for the benefit of all persons entitled thereto by other statutes of Missouri, providing for the distribution of an estate according to the laws of descent. In other words, it may be said that the sum recovered goes under the fourth subdivision to the next of kin, when recovered by the personal representative under the Missouri law.

It is fairly clear that, if the casualty which caused the death of plaintiff's decedent had happened in Missouri, he could not have sued in his capacity of personal representative, for the reason that such decedent left surviving her a living husband, to whom the right to sue was first given, and because the Missouri statute makes no provision for vesting the right to sue in an administrator, when other persons, to whom prior rights are given, having been in esse when the death occurred, shall subsequently die before bringing suit. Plaintiff cannot maintain his action upon any theory referable to any statute of Missouri. If he could have maintained it in a state court, where he began it, he must have done so under the law of Illinois.

[2] It is true that, pursuant to the mandate of the federal Constitution, each state of the Union must open its courts to citizens of a foreign state, but only upon the same terms and conditions as such state opens such courts to its own citizens. But this rule has no application here, because plaintiff, as was his decedent in her lifetime, is a citizen of Missouri. But even the rule of comity enjoined by the federal Constitution is not a thoroughgoing one. As intimated above, the requirement goes only so far as to prohibit any distinctions as between local citizens and the citizens of foreign states of the Union. The state of the forum has an option in the matter. This option depends in the last analysis on whether the action sought to be brought in a state court is contrary to a statute, or to the public policy of the state of the forum. If it is, then, since a citizen may not maintain it, the citizen of a foreign state cannot. The constitutional mandate goes so far, and no farther. It simply forbids, as said, arbitrary distinctions to be made as against citizens of another state.

Moreover it was said in the case of Thompson v. Railroad, 6 Wall. 134, 138 (18 L. Ed. 765), that "the railroad companies mistook the course of proceeding in courts of the United States in actions at law, in suits brought up from state courts. In this case, as the action was a purely legal one, if they could have maintained it in their names in the state court, they had an equal right to maintain it in their names * * * in the federal court. * * *

The law of Ohio directs that all suits be brought in the name of the real party in interest. This constitutes a title to sue, when the suit is brought in the state court, in conformity with it; and in all cases transferred from the state to the federal court, under the twelfth section of the Judiciary Act [1 Stat. 79], this title will be recognized and preserved." Again, in the case of West v. Aurora City, 6 Wall. 139, 142 (18 L. Ed. 819) it was said: "A suit removable from a state court must be a suit regularly commenced by a citizen of the state in which the suit is brought, by process served upon a defendant who is a citizen of another state, and who, if he does not elect to remove, *is bound* to submit to the jurisdiction of the state court." (Italics are mine.)

[3] I conclude then that in a case like the one at bar, if plaintiff could not have maintained this action in a state court, he cannot maintain it upon removal here; for section 914, R. S. (Comp. St. § 1537), provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

The necessity of compliance with local laws as to "pleadings and forms and modes of proceeding," enjoined by the above section, has been uniformly, so far as I have been able to find, applied to parties who are entitled to sue *in civil cases at law.* 1 Rose's Code of Federal Procedure, § 902; 2 Foster, Fed. Procedure, 453; 25 C. J. 808; New York Evening Post Co. v. Chaloner (C. C. A.) 265 F. loc. cit. 211; Nederland Life Ins. Co. v. Hall (C. C. A.) 84 F. 278; Thomas-Bonner Co. v. Hooven, etc., Co. (D. C.) 284 F. loc. cit. 383; City of Greensboro v. Southern, etc., Co. (C. C. A.) 168 F. loc. cit. 884; Gasquet v. Fenner (D. C.) 235 F. 997; United Mine Workers of America v. Coronado Coal Co. (C. C. A.) 258 F. loc. cit. 832; Hale v. Tyler (C. C.) 104 F. loc. cit. 761; Arkansas Smelting Co. v. Belden Co., 127 U. S. loc. cit. 387, 8 S. Ct. 1308, 32 L. Ed. 246; Delaware County v. Diebold Safe Co., 133 U. S. loc. cit. 488, 10 S. Ct. 399, 33 L. Ed. 674; Thompson v. Railroad Co., 6 Wall. loc. cit. 139, 18 L. Ed. 765; Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; Edmunds v. Ry. Co. (C. C.) 80 F. 78; Morning Journal Ass'n v. Smith (C. C. A.) 56 F. 141; Dexter, etc., Co.

v. Sayward (C. C.) 51 F. 729; note to Boston & Maine R. Co. v. Hurd, 56 L. R. A. 197. In addition, many federal courts have applied the rule of the state as to parties in civil cases at law in federal courts, without any discussion of the necessity of conformity of parties to state rule. Maysville, etc., Co. v. Marvin (C. C. A.) 59 F. 91; J. B. & J. M. Cornell Co. v. Ward (C. C. A.) 168 F. 51.

In the case of New York Evening Post v. Chaloner, supra, it is said: "It must be admitted, we think, that the question whether there is a cause of action is a question of right and not of procedure, but that the question in whose name the action is to be brought and how it is to proceed is one of procedure and not of right, and that in matters of procedure the federal courts follow ordinarily the local state practice. The law of the forum determines the capacity of the party to sue. * * * In Rose's Code of Federal Procedure, vol. 1, p. 842, § 902, it is said in reference to the conformity statute that it imposes upon the federal courts in common-law causes the general duty of following the local law respecting the proper parties plaintiff or defendant, and the joinder, substitution, and misjoinder of parties."

There are exceptions, of course, to this general rule, as further pointed out by Mr. Rose; but the case at bar does not fall within any of these exceptions, in my opinion. For example, a foreign corporation which does business in Missouri, without compliance with the laws thereof as to taking out a license, may not maintain an action in the courts of Missouri. But it may sue in a federal court. This state inhibition is not based on the ground that such corporation is not a proper party to sue, but on the ground that its cause of action, being contrary to the public policy of the state, may not be maintained in a state court at all. In short, its contracts are unenforceable in a forum of Missouri, however proper, as to a mere party plaintiff, the action may be. But, even if this were not so, no statute of the state of Missouri can (at least absent a state policy forbidding, and which is applicable both to citizens of the state and citizens of foreign states, Wilson v. Tootle [C. C.] 55 F. 211), limit *the right of citizens of other states* of the Union to sue in a federal court in this state (Wilson v. Tootle, supra; Texas, etc., Ry. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829).

When the right thus exists, it may be exercised, absent a state statute so permitting (Barrow, etc., Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964), or sometimes even

present a local statute forbidding (Johnson v. St. Louis [C. C. A.] 172 F. 31, 18 Ann. Cas. 949). But Missouri may by local statutes *prescribe who of her own citizens* shall be proper parties to bring and maintain a suit in a state court, and such statutes, I am constrained to conclude (from an examination of the cases and text-books I have cited), and pursuant to the Conformity Act, govern in a case at law in a federal court in this state. On the other hand, there can exist no doubt that an administrator appointed in the state of Illinois can, ceteris paribus, and absent a local statute of the state permitting, sue in a federal court in Missouri for damages for the negligent killing of his decedent, and now by statute such foreign administration can sue in the Missouri state courts; but that situation is not this case. And even the above proposition was denied by Judge Lurton. Maysville, etc., Co. v. Marvin (C. C. A.) 59 F. 91.

As already forecast, the Supreme Court of Missouri has consistently ruled that a local administrator could not sue in the state courts of Missouri (prior, at least, to the amendment of section 4217, supra) for damages for the negligent killing of his decedent in a foreign state, even though by the statutes of the latter state the cause of action vests in the administrator alone. In the Vawter Case, supra, it was said:

"An administrator appointed in this state receives his power and authority to sue from the laws of this state, and from this state alone, to which he is amenable throughout the entire course of the administration. There is no statute of this state by which he has or can have anything to do with suits of this character or the damages when recovered. He may, by section 96, Revised Statutes 1879, bring an action for all wrongs done to the property rights or interests of the deceased against the wrongdoer. Section 97 provides: 'The preceding section shall not extend to actions * * * on the case for injuries * * * to the person of the testator or intestate of any executor or administrator.' For fear that section 96 might be construed to confer upon the administrator a right to sue for injuries to the person of the intestate, the next, as will be seen, declares in express terms that he shall not do so. To sustain this action we must say he may maintain such actions, and that, too, because of a statute of another state. In short, we must convert him into a trustee for purposes entirely foreign to any duty devolved upon him as administrator by the laws of this state. This we cannot do."

Plaintiff relies largely, to sustain his posi-

tion and his petition herein, upon the cases of Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, and Stoeckman v. Railroad Co., 15 Mo. App. 503. Let it be considered if those cases aid him *on the point now under discussion*. Generally it may be said that the point mooted in each of the above cases went only to the extraterritorial effect of a law of a foreign state, when its provisions were sought to be enforced in the state of the forum. The point now here under discussion was given no consideration whatever. It was referred to casually in the Dennick Case, however. That casual reference destroys the case as authority for plaintiff, *on this point*, unless the facts in the case bring it under the 1905 amendment. It is true plaintiff there, a local administrator appointed under the law of New York, sued in a state court, and the case was removed to the federal court, for damages for the negligent killing of his decedent, occurring in the state of New Jersey, wherein, as in Illinois, no one save an administrator could sue.

But in the Dennick Case an administrator, pursuant to the law of New York, was the proper party to bring such an action in the state of New York, as note what is said in that case: "It is to be said, however, that a statute of New York, just like the New Jersey law, provides for bringing the action by the personal representative, and for distribution to the same parties, and that an administrator appointed under the law of that state would be held to have recovered to the same uses, and subject to the remedies in his fiduciary character which both statutes prescribe." Dennick v. Railroad Co., supra, at pages 20 and 21 (26 L. Ed. 439). In the case at bar, not only is the local administrator not a party, who under the Missouri law is given the right ordinarily to sue, but by an express statute such right is in a case like this withheld from him (section 98, R. S. of Mo. 1919), except under the contingencies set out in the subsequent, and therefore controlling, amendment to section 4217, supra, made in 1905.

There are two objections to the thoroughgoing authority in plaintiff's behalf, of the case of Stoeckman v. Railroad, supra: First, as forecast, the point in controversy here was neither mooted nor referred to in that case; and, second, the court, rendering the opinion in that case, is inferior in jurisdiction to the Supreme Court of the state, which in subsequent opinions, considering the identical question here under discussion, has three times or more held contrary to the rule announced in the Stoeckman Case. The case of Stewart v. Railroad, 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537, on the facts therein, presents a sit-

uation precisely converse to that here presented, and presently under discussion.

In the latter case the law of the forum gave to an administrator the right to sue, and the action was so brought, though the law of the place where the tort occurred required that the action be brought by the state, as the nominal party. If the question whether the matter of parties in a federal court is governed by the law of the forum, arose in that case, *it was fully met by the facts*. But it is ruled in the above case as the settled law that, "where the statute of the state in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced," an action may be maintained. The converse of the rule, then, necessarily should be the law. The chief difficulty here on this point is that, before the amendment of 1905 to section 4217, supra, was enacted, there was a statute of Missouri which, as the highest court in the state held, prohibited a local administrator from suing in a state court in a case like this, whether the cause of action *arose within or without* the state of Missouri. [4] I have examined all of the cases called to my attention by the great diligence of counsel, as well as some hundred others discovered upon my own initiative. I have not found one which holds that a local administrator, or any other citizen of the forum, may sue for a tort even in a local federal court, when a local state statute forbids the maintenance of such action by such an administrator, or citizen in a state court. So much was due to the able briefs presented and to the strenuous insistence of counsel.

[5] *If plaintiff can maintain this action as administrator, he must do so, in my opinion, because of the change in the statutes of Missouri, made since the question was last specifically held in judgment by the Supreme Court of Missouri*, and *because such change evinces a change in state policy, which no longer forbids an action to be so brought*. That the law of Missouri, before the amendment to section 4217, R. S. Mo. 1919, by the Act of April 13, 1905 (Laws Mo. 1905, p. 135), forbade, as already said, the bringing of an action in the state courts of this state, by an administrator appointed in this state, for the negligent killing of such administrator's decedent in Illinois, or in any other foreign state, seems plain. Section 98, R. S. Mo. 1919; Vawter v. Railroad, 84 Mo. 679, 54 Am. Rep. 105; Oates v. Union Pacific Ry. Co., 104 Mo. 514, 16 S. W. 487, 24 Am. St. Rep. 348; Schueren v. St. Louis, etc., Co. (Mo. Sup.) 192 S. W. 965. In the Schueren Case, at page 966, the

Supreme Court of Missouri used this plain, pointed, and unmistakable language: "And we have previously pointed out that an administrator, though appointed in this state, would have no authority to sue in our courts on this cause of action created by the statutes of Illinois before mentioned." And a local administrator had in Missouri, then, no right to sue on a local cause of action because no such right was conferred by statutes.

While the Schueren Case was decided in 1917, and section 4217, supra, was amended in 1905, the Supreme Court of Missouri therein did not consider the effect of the amendment, because under the facts up for judgment such consideration was not necessary. But the Kansas City Court of Appeals did construe the amendment of 1905 in the case of Husted v. Railroad, 143 Mo. App. 623, 128 S. W. 282. The court therein, upon the facts before it, held that an administrator can maintain an action in the state courts of Missouri for the negligent killing of his decedent in the state of Kansas, wherein the proper party to sue is the personal representative (Laws Kan. 1909, c. 182, § 419), as is the case in Illinois. Upon this question the Kansas City Court of Appeals said: "Actions of the nature of the present one are transitory. In case of death occasioned by negligence committed in another state, there was difficulty, at one time, in enforcing them in the courts of this state, by reason of no one being authorized to maintain the suit. Vawter v. Ry. Co., 84 Mo. 679 [54 Am. Rep. 105]. This was afterwards remedied by the Legislature. Sections 547, 548, R. S. 1899; Laws 1905, p. 95."

While it does not definitely appear, from the facts stated in the Husted Case, whether the administrator there suing was a local or a foreign administrator (it is fairly inferable that she was appointed in Kansas), it is yet clear that under the amendment to section 4217, R. S. Mo. 1919, made in 1905 (Laws Mo. 1905, p. 135), when aided by the provisions of sections 1162 and 1163, R. S. Mo. 1919, either a foreign administrator (when the casualty occurred in a foreign state) or a local administrator (when the casualty occurred in Missouri) has the right to maintain an action thereon in this state, in a proper case. This is so because section 4217, supra, as said already, as now amended, provides that an administrator appointed by a probate court of Missouri may bring and maintain an action in a Missouri state court for the negligent killing of his decedent in this state, when such decedent shall not leave surviving him, or her, any wife, or husband, mother, father, or minor child. The Husted Case was a case of this

sort and clearly fell within the provisions of section 4217, supra, and so no objection could have been legally urged against its maintenance by a local administrator, if the casualty had occurred in Missouri, and clearly the foreign administrator had a like right to sue, pursuant to sections 1162 and 1163, supra.

Since the amendment of 1905 was made to section 4217, supra, long after the enactment of the statute held, in the Vawter, Oates, Schueren, and McGinnis Cases, as preventing in Missouri the maintenance of an action by an administrator for the negligent death of his decedent, and since the above amendment conferred on an administrator the right to sue for such death, I think the passage of this amendment evinces a change of the policy of the state of Missouri on this question. It is said in the case of Atchison, etc., Ry. Co. v. Sowers, 213 U. S. loc. cit. 67, 29 S. Ct. 402, 53 L. Ed. 695, that "it is then the settled law of this court that in such statutory actions the law of the place is to govern in enforcing the right in another jurisdiction, but such actions may be sustained in other jurisdictions when not inconsistent with any local policy of the state wherein the suit is brought. Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445 [18 S. Ct. 105, 42 L. Ed. 537], supra."

The statute of Illinois, under which the instant suit is brought, it is true, gives the right of action to the personal representative of the deceased, for the benefit of the "widow and next of kin," while the Missouri statute gives the right of action to a personal representative only when persons to whom the right of suit given by subdivisions 1, 2, and 3 of the statute are nonexistent; yet the Missouri statute as now amended evinces a clear change of Missouri policy. A Missouri administrator may now sue in a proper case in a Missouri state court for the negligent killing of his decedent, and that, as I construe the weight of the confused and contradictory cases, is all that stood in the way of such a suit before 1905. It is true, as said already, that, since decedent left a husband surviving her, the situation presented would not have permitted a suit by plaintiff here, if the casualty had occurred in Missouri. But we are dealing with a policy only, and that policy does not carry us that far. To apply such a test would be to confuse the principle under discussion. No right accrues to the administrator under the Missouri law at all, and so he is not required to bring himself within its provisions. All he need do is to bring himself within the terms of the Illinois statute, as he has done, and then convince us that the right he is urg-

20 F.(2d)—15

ing is not now contrary to any state statute, or to any policy of the forum.

I concede that the cold logic of the thing and the application to it of some fairly well-settled propositions of law, would seem inevitably to lead to a wholly different conclusion. These principles are: (a) That no cause of action existed in a case like this at common law (Public, etc., Co. v. Post [C. C. A.] 257 F. 933); (b) that a statute changing the common law, and saving the action to specified persons, could not, therefore, have the effect to confer the right to sue on any person not named in the statute (Fithian v. Ry. [C. C.] 188 F. 842; Noonan v. Bradley, 9 Wall. 400, 19 L. Ed. 757; R. C. L. 761); (c) that no statute of any state has any extraterritorial effect (Furst v. Fargason [C. C. A.] 287 F. 306; 8 R. C. L. 736), and *ordinarily,* therefore, no statute of Illinois, for example, can confer on any citizen of Missouri any right to sue in a court of Missouri; and (d) that the capacity of a party to sue at law is determined by the law of the forum (Maysville, etc., Co. v. Marvin [C. C. A.] 59 F. 91).

Numerous other cases could be cited, sustaining, I think, each of the above propositions, and few, if any, which categorically deny any of them, though many are found which ignore them and reach conclusions diametrically in conflict with them. Modifying, in a proper case, the rule of extraterritorial non-effect of a state statute, is, I concede, the general rule that a legal right, when it comes into existence, becomes a fact and such fact will be recognized everywhere and enforced everywhere, so far as the procedure of the courts wherein enforcement is sought may be adapted to enforcement, and provided, as discussed already, enforcement is not contrary to the policy of the forum. But even this general rule is not necessarily in conflict with the principles stated above, or any of them; for the troublesome question here is, not whether the fact will be enforced, but by whom it may be enforced.

But the controlling principles which ought to lead to the conclusion that plaintiff can not maintain this action (if I am correct in my statement of them) were not regarded as insuperable objections in the Dennick Case, the Stewart Case, the Sowers Case, or the case of Williams v. Camden, etc., Ry. Co. (C. C.) 138 F. 571. While only the last-mentioned case is squarely in point, and to it the cases of Maysville, etc., Co. v. Marvin (C. C. A.) 59 F. 91, Sanbo v. Coal Co. (C. C.) 130 F. 52, Lyon v. Boston, etc., Ry. Co. (C. C.) 107 F. 386, Mackay v. Central, etc., Ry. Co., 4 F. 617, Fed. Cas. No. 8,842, and many others, are

squarely opposed, yet what seems to be the controlling point in the case, namely, whether an Illinois statute can confer a right of action on a citizen of Missouri, was wholly within the facts held in judgment in the Dennick Case.

Likewise the question whether any other person, save him alone in' whom the statute vests the right to sue, may maintain the action in a case like this, was ruled in plaintiff's favor in the Stewart Case. Other cases so holding, largely, however, upon the ground that the action is a transmitted, surviving, or derivative one, and not a new action created by statute, as the one at bar undoubtedly is (American R. Co. v. Didricksen, 227 U. S. 145, 33 S. Ct. 224, 57 L. Ed. 456; Gulf, etc., Ry. Co. v. McGinnis, 228 U. S. 173, 33 S. Ct. 426, 57 L. Ed. 785), are Bruce v. Railway Co., 83 Ky. 174; Central Railroad v. Swint, 73 Ga. 651; Morris v. Chicago, etc., Ry. Co., 65 Iowa, 727, 23 N. W. 143, 54 Am. Rep. 39; Nelson v. Chesapeake, etc., Ry. Co., 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583; Missouri, etc., Ry. Co. v. Lewis, 24 Neb. 848, 40 N. W. 401, 2 L. R. A. 67; Higgins v. Central, etc., Ry. Co., 155 Mass. 176, 29 N. E. 534, 31 Am. St. Rep. 544; Erickson v. Steamship Co. (C. C.) 96 F. 80. When these two principles are thus out of the equation, by the ruling of a court superior to this, other well-settled rules come into play, which seem to settle the point in favor of plaintiff's right of action.

With the reluctance perhaps indicated by what I have said, I overrule the demurrer.